Parker C. J.
The tenant moves to have the verdict set aside, on several grounds.
First, because the words in the deed do not import a condition, the breach of which will work ¡a forfeiture of the estate, but only a covenant, entitling the demandant to his action for damages. But this is untenable. The words are apt to create a condition ; there is no ambiguity, no room for construction ; and they cannot be distorted so as to convey a different sense from that which was palpably the intent of the parties. The word “provided” alone, may constitute a condition, but here the very term is used which is often implied from the use of other terms. “ This conveyance is upon the condition,” can mean nothing more nor less, than their natural import ; and we cannot help the folly of parties who consent to take estates upon onerous conditions, by converting conditions into covenants. It would be quite as well to say that the words mean nothing, and so ought to be rejected altogether. No authority has been cited which bears out this suggestion ; indeed the authorities are all against it
It is then said, that this condition is void, being idle and useless, and so against the policy of the law. But who shall judge over the head of the grantor, that this condition is idle and useless ? At the time of his conveyance to William Blanchard, his sister owned, by conveyance from him, the next adjoining lot to the northward, with the front of her *296 dwellinghouse towards this north wall. He probably intended to Prolect this estate from being overlooked from windows in that wall, the house in question having been built with this dead wall under his direction. This may have been important to the enjoyment and the value of his sister’s estate ; and there seems to be no good reason why, in disposing of the demanded premises, he should not provide for her accommodation. Those who hold under her may have considered this restriction on the estate as an inducement to purchase. The grantee was not surprised into the bargain, nor those who hold under him, the condition being inserted in all the deeds ; and if the estate was of less value on account of this restriction, they were compensated in the price ; at any rate, it was a voluntary bargain, and if they did not choose to take the estate cum onere, they should have rejected it altogether. Every proprietor of an estate has jus disponendi. He may grant it with or wdthout condition ; and if he grants it upon condition directly, the estate of the grantee will terminate with the breach of the condition, if the grantor chooses to avail himself of the forfeiture and enter for the breach.
It is next argued, that this condition is void, as being repugnant to the grant, restraining the beneficial use of the estate. Without doubt, conditions of the nature supposed are void, and the estate is absolute; but the law very clearly defines this rule, and the cases cited to support this position show the limitation and the exceptions to the rule.[1]
A lease for two years, provided the lessee occupy but one ; this is repugnant and senseless, and the proviso shall be rejected. Scovell v. Cabell, Cro. Eliz. 107.
Grant of a house upon condition not to meddle with the shops, the shops being part of the house ; this is of the same nature. Hob. 170.
So a grant of land or rents in fee simple, upon condition that the grantee shall not alien, or that his widow shall not have dower ; these conditions are void, as clearly repugnant to the grant; Shep. Touch. 129, 131 ; for it is of the essence of a *297 fee simple estate, that it shall be alienable and subject to dower.
But if the condition be that the grantee shall not alien to particular persons, or within a reasonable limited period, these conditions shall stand, not being inconsistent with the nature of the estate granted. Co. Lit. 223.
If one make a feoffment in fee on condition that the feoffee shall retain the land for twenty years without interruption, it seems this is a good condition and not repugnant. Shep. Touch. 131. A feoffment in fee with a condition that the feoffee shall not enjoy the land or take the profits, or that his heirs shall not inherit it, or that the feoffee shall do no waste, or that his wife shall not be endowed ; these are all repugnant and void. Shep. Touch. 131. And the same law is of a grant by deed of bargain and sale, for by our law this is an entire substitute for a feoffment.
But partial and temporary restrictions as to the use, may be consistent with the estate granted, and so may stand.
A condition in a deed of a house, that there shall be no windows in it, or no passage in and out, or that the grantee should never occupy or sell it, would come within the rule and be void ; but that there should be no door or window on one side or end, that it should not be sold for several years, or to a particular person, would fall within the exception to the rule, and form a valid condition.
Again, it is said that the demandant not owning any land adjoining he has no interest in the condition, and so cannot avail himself of the forfeiture. But it is not necessary, in order to make a condition valid, that the party creating .it should have any beneficial interest in any other estate which may be usefully affected by the condition. He may have con veyed an adjoining estate for the benefit of which this condition was created. He may have received a greater price for that estate on account of this condition, and justice to others may require that he should exact its performance.
It is said to be a general rule, that when a man hath a thing, he may condition with it as he will. This however is subject to the foregoing rule. Shep. Touch. 118. And the condition cannot be reserved to a stranger, but by and to him who *298 doth make the estate. Neither can it be granted over to an°ther, except to and with the land or thing unto which it is annexed and incident. Ibid. 120.[1]
It seems to us that there are many things which may he provided for as conditions in a deed, which, though of small consideration in the view of a stranger, may be thought of great importance by the grantor. A man has a vacant lot in front of his dvvellinghouse, which somebody is desirous to buy, and he is willing to sell, if thereby his light and air shall not be too much obstructed. May he not sell it under a condition, that no building shall be erected beyond a certain height, or within a certain distance from his house, or that the land shall not be used for the purposes of a tavern, or for any particular business which is likely to be noisy or troublesome, at least for a limited number of years ? Who is prejudiced by such a condition ? The purchaser and all who may claim under him have notice of the restriction, and if it diminishes the value of the land, they get their compensation in the price.
The common law does not so interfere with the right of disposing of estates ; as appears from the authorities cited Neither is there any thing unreasonable in the particular condition of this deed. The tenant’s house is built with its easterly end on the street, its front to the south. Such houses are usually pro video with light from the front and the ends. This very house had stood many years without windows in the back wall. Certainly if it is a hard thing for the demandant to exact the forfeiture, it was a foolish thing in the tenant to give him the opportunity.
Then it is thought that the various conveyances under the original grantee of the demandant, William Blanchard, and the tenant, who has charged the land with a mortgage, may have destroyed this condition, or defeated the right of the demandant to enter for the breach of it. But the law is otherwise.
“ The estates of both parties are so suspended by the condition, that neither of them alone can well make any estate or *299 charge of or upon the land that is, free from the burden of .he condition. For he that parteth “ with the estate and hath nothing but a possibility to have the thing again upon the performance or breach of the condition, cannot grant or charge the thing at all. And if he that hath the estate, grant or charge it, it will be subject to the condition still; for the condition doth always attend and wait upon the estate or thing whereunto it is annexed.” “ And when the condition is broken or performed, &c. the whole estate shall be defeated and the whole estate of the whole, and not of some part only. shall be avoided, except by agreement the condition is limited to part.” Shep. Touch. 120, 121.
The last pointemade in the argument for the tenant is, that there being no clause of re-entry for breach of condition in the deed, the provision is not strictly a condition going to the forfeiture of the estate, but may for this reason be construed into a covenant. But here again the law seems to be clear the other way.
A clause of re-entry is not necessary to make a condition. Proviso, ita quad, sub conditions, make the estate conditional. Com. Dig. Condition, «8 2. Other words, such as si, si contingat, do not make a condition, which will work a forfeiture, without clause of re-entry Lit. § 331 ; Shep. Touch. 121.
It has been suggested also, that as the proprietor of the estate next north of the wall, must have known of the placing windows there, and did not prohibit or complain of the act, uis silence sncm.u oe construed a waiver of the condition, so as to defeat the i>»martd >ut’s right to re-enter. But there are two objections to ft'isfirst, that the then owner of the adjoining estate had no legal interest in that-condition, and therefore could not waive it. His silence might result from a reliance that the demandant, under whom derivatively he held, would vindicate his own rtgnts. ¡secondly, a mere indulgence is never to be construed into a waiver of a breach of condition ;[1] and so are the authorities. If the windows had been made *300 before the conveyance in mortgage by the tenant to Amory, the demandant knowing that the condition had been broken and having omitted to enter for breach, there would be a- strong case in equity for an .injunction from a court with competent jurisdiction on the subject; but the mortgage was made before the breach of condition. It has been strongly urged, that after the mortgage, Charles Blanchard was only tenant at the will of the mortgagee, and that his act, unauthorized by the mortgagee, could not work a forfeiture. But he was, to everybody but the mortgagee, tenant in fee ; and remainhig in possession with the consent of the mortgagee, his acts have the same effect as if he had not conveyed in mortgage. The mortgagee’s estate was subject to the same condition, not only by virtue ol the original deed from the demandant, but the condition was expressed also in his deed from the tenant ; so that he should have dispossessed the tenant, if he would have avoided the effect of his acts.
We therefore see no ground on which, consistently with the rules of law, we can deny the demandant’s claim. It is a harsh proceeding on his part, but it is according to his contract, which must be enforced, if he insists upon it.
Judgment according to verdict.

 See Newkerk v. Newherk, 2 Caines’s R. 345; M'Williams v. Nisby, 2 Serg. & Rawle, 513; Stockton v. Turner, 7 J. J. Marshall, (Ken.) 192 Hawley v. Northampton, 8 Mass. R. 37; Lawrence v. Gifford, 17 Pick. 366.

 See Jackson v. Topping, 1 Wendell, 388; Winn v. Cole, Walker, 119; Hayden v. Stoughton, 5 Pick. 528; Brigham v. Shattuck, 10 Pick. 306; Clapp V. Stoughton, 10 Pick. 463; Austin v. Cambridgeport Parish, 21 Pick. 215.

 See Jackson v. Crysler, 3 Johns. Cas. 125; Hutchenson v. M'nutt1 Hammond, 21; Coon v. Brickett, 2 N. Hamp. R. 163; Willard v. Henry, 2 N Hamp. R. 120; Lawrence v. Gifford, 17 Pick. 366.