KRIBBEN, Plaintiff in Error, v. HAYCRAFT, Defendant in Error.

1. An agreement to pay a certain sum for services rendered in securing a commutation of the sentence of a convict so soon as the commutation should take place, is void as against public policy.

*Error to St. Louis Court of Common Pleas.*

Demurrer to a petition. Plaintiff stated in his petition that defendant, Eliza Haycraft, by her certain instrument in writing or obligation, " promised, in consideration of the ser-

vices to be rendered by plaintiff in and about procuring a commutation of the sentence against her (said defendant's) sister Sarah, then under sentence to be hung, and for the affection the said defendant bore to her said sister, to pay to plaintiff or order, on demand, the sum of five hundred dollars as soon as the said sentence for hanging should be commuted by the governor of the state of Missouri into imprisonment in the penitentiary or otherwise ; the said instrument further provides, that unless the sentence should be commuted the said plaintiff should have nothing for his said services. Plaintiff further states, that he did assist and render services under the said obligation of defendant in and about procuring from the governor of the state of Missouri a commutation of said sentence of hanging passed upon said Sarah, sister of said defendant, into imprisonment in the penitentiary, which was granted by the governor of the state of Missouri ; yet the said defendant, although a legal demand has been made of her for the payment of said sum of $500 in said instrument or obligation expressed, has failed and refused and still fails and refuses to pay the same or any part thereof; therefore plaintiff prays," &c.

The court sustained the demurrer.

*H. N. Hart*, for plaintiff in error.

*G. Marshall*, for defendant in error, cited Hatzfield v. Gulden, 7 Watts, 153 ; 1 Chitt. C. L. 4 ; 5 East. 298 ; 11 East. 46 ; 16 East. 301 ; 1 Camp. 46 ; 3 T. R. 17 ; 2 Esp. 643 ; 3 Id. 253 ; 7 T. R. 475 ; Chitt. on Contr. 220 ; 5 N. H. 553 ; 1 Bay, 249 ; 5 Verm. 42 ; 1 Baily, 588 ; 9 Verm. 23 ; 2 South. 470 ; 13 Wend. 592 ; 2 Stew. & Port. 276 ; 6 N. H. 200.

RICHARDSON, Judge, delivered the opinion of the court.

It is a principle of law dictated by the soundest policy that an agreement can not be enforced by which one person promises to pay another for obtaining or trying to obtain a pardon. (Noonan v. Cole, 3 Esp. 253 ; Hatzfield v. Gulden, 7

Watts, 152; McGill v. Burnett, 7 J. J. Marsh. 640; Wood v. McCann, 6 Dana, 366.) These cases are founded on the obvious reason that such contracts are illegal, inasmuch as they tend to encourage the use of improper means to accomplish the object, and are in conflict with the intelligent and proper exercise of the pardoning power. But it is insisted that the promise in this case is not to obtain a pardon but a commutation of the punishment, and that there is nothing in the contract obnoxious to public policy. The distinction is nominal; for the principle is the same in both cases, and all the considerations that uphold the propriety and wisdom of the rule in the one case apply to the other.

The demurrer was properly sustained, and the judgment, with the concurrence of the other judges, will be affirmed.