JAMES B. MEACHAM v. CHESTER B. DOW.

*Promissory Notes. Sale of Office. Illegal Consideration.*

A note, executed in consideration of the payee's agreement to resign public office in favor of the maker, and use his influence to secure the latter's appointment as his successor, is void, except in the hands of a *bona fide* holder.

ASSUMPSIT upon a promissory note signed by the defendant and payable to one Burnham, or bearer. Plea, the general issue and trial by jury at the June Term, 1859,—PIERPOINT, J., presiding.

47

The testimony introduced by the defendant tended to show that Burnham was still the owner of the note, and that it was prosecuted by the plaintiff solely for his benefit; that the note was given upon the consideration that Burnham, who was a United States mail agent, and was contemplating resigning that office, agreed with the defendant to resign in the latter's favor, and to use his influence, with the Department at Washington, for the defendant's appointment in his place; and that it was further agreed in writing, at the same time between them, that if the defendant failed to get the appointment the note should be void.

The plaintiff's evidence tended to show that Burnham, as the consideration of the note, agreed to resign his office as mail agent, and to recommend the defendant as successor, and to use his influence to secure his appointment, and that he did so.

It was conceded that the defendant did not obtain the appointment.

The court instructed the jury that, if, upon the foregoing testimony, they found that Burnham was still the owner of the note, the action could not be maintained, to which the plaintiff excepted.

—— —— for the plaintiff.

*Hall & Hall*, for the defendant.

POLAND, J.   If the plaintiff had shown himself the owner and *bona fide* holder of the note in suit, the defendant could not have defeated the action by showing a want of consideration, or that the consideration was illegal.

But the jury having found that the suit was prosecuted in the name of the plaintiff, for the benefit of Burnham, the payee, any defence that could be made to an action in his name, would be equally available in this.

By the contract of the parties, when the note was given, the note was to be void unless the defendant succeeded in obtaining the office of mail agent, and this was evidenced by a writing executed simultaneously with the note.

If the subject matter and consideration of the note had been

Meacham *v* Dow.

perfectly legal, this alone was a sufficient defence, as the defendant never obtained the office.

But the consideration of the note was really for the sale of the office Burnham held, which made the note illegal and void, as between the original parties.

The principles settled in *Ferris* v. *Adams*, 23 Vt. 136, are decisive of the case on this point. It was then held that a note executed by a deputy sheriff to the sheriff, as the price of his appointment as deputy, was illegal, and that no recovery could be had upon it. The law upon the subject is very fully examined and stated in the opinion of the chief justice in that case, and we need only now to refer to that opinion.

The subject of the validity of contracts for the influence and services of one in promoting the election of another to an office, was before this court, and was fully examined and decided on the present circuit in Chittenden County.*

In that case the defendant set up as a defence to a book account, due from him to the plaintiff, that the plaintiff agreed that if the defendant would use his influence and efforts to procure the election of the plaintiff, as a representative to the State Legislature, and vote for him himself, the same should be in full satisfaction and discharge of the account in suit in case he should be elected. The defendant proved a full and successful performance of the contract on his part, but it was held by the court that this contract was illegal and void, and formed no defence to the action.

That case would seem to cover this fully.

The case of *Thetford* v. *Hubbard*, 22 Vt. 440, where it was held that a note given by a constable to the town upon bidding off the office in town meeting, was legal and could be collected, goes entirely upon the special provisions of the statute on that subject, which in terms authorize towns to contract with some person to fill that office. The court in that case seems to treat such a note as illegal upon general principles.

The directions to the jury were clearly right and the judgment is affirmed.

---

See *Nichols* v. *Mudgett*, ante p. 546.