Porter v. Jones.

SAMUEL D. PORTER, Appellant, vs. ISAAC JONES, Respondent.

1 *Bills of exchange and promissory notes—Consideration—Appointment of an administrator—Public policy.*—A promissory note, whereof the consideration is an agreement to procure a responsible party and have him appointed administrator of an estate, is void as against public policy.

| 52 | 398 |
| 31a | 349 |
| 52 | 398 |
| 42a | 311 |
| 52 | 398 |
| 54a | 8 |
| 52 | 398 |
| 72a | 238 |
| 72a | 534 |
| 52 | 399 |
| 95a | 526 |
| 99a | 30 |

*Appeal from St. Louis Circuit Court.*

*John W. Noble,* for Appellant.

The question as to who is entitled to the opening and close of the case, is matter within the discretion of the court trying the cause. (Leete vs. Ins. Co., 7th Eng. Law & Eq. R., 578, Wade vs. Scott, 7 Mo., 509; Tibeau vs. Tibeau, 22 Mo., 77; Reichard vs. Manhattan, 31 Mo., 520.)

The influence to be exercised, is to be upon the man not yet appointed to agree to *take,* and not upon the court to agree to appoint.

It was wholly in the power of the legatee, the respondent, to control the appointment as his interests alone were to be affected.

All the cases in reports and text notes differ so materially from this, that it would serve no good purpose to refer to them.

A recurrence to general principles on this head, will best show that the evils attempted to be suppressed by declaring contracts against public policy void, cannot be created by the agreement under consideration.

It will not be presumed that the contract was to do an unlawful act; the contrary is the proper inference. (Lewis vs. Davison, 4 Mees. & Wels., 654; Brown's Legal Maxims, (668,) 5.)

*Leverett Bell,* for Respondent.

Where a contract is entire, if a part of the consideration is illegal, the whole is void. (Carleton vs. Whitcher, 5 N. H., 196; Valentine vs. Stewart, 15 Cal., 387; Collins vs. Merrell, 2 Met. Ky., 163; Pettit vs. Pettit, 32 Ala., 288; Rose vs. Truax, 21 Barb. N. Y., 361; Barton vs. Plank Road Co., 17

Barb. N. Y., 397; Filson's Trustees vs. Himes, 5 Baer. Penn. St., 456; Saratoga Bank vs. King, 44 N. Y., 87.)

The plaintiff's agreement to secure a responsible individual to take the position of administrator, necessarily involved an interference with the performance of the official duties thus imposed on the Judge or Clerk of the Probate Court, and was void as against public policy. (Filson's Trustees vs. Himes, 5 Barr. Penn. St., 452; Bowers v. Bowers, 26 Penn. St., 74; Eddy vs. Capron, 4 Rhode Island, 394; Tool Co. vs. Norris, 2 Wallace, (U. S.) 56.)

The law governing contracts void as against public policy, is illustrated and applied in the following cases : Grant vs. McLester, 8 Georgia, 553; Gray vs. Hook, 4 Comst., (N. Y.) 449; Gulick vs. Bailey, 5 Halsted, 87; Davison vs. Seymour, 1 Bosw., 88; Spinks vs. Davis, 32 Miss. (3 George,) 152; Firemen vs. Berghaus, 13 La. An., 209; Carlton vs. Whitcher, 5 N. H., 106; Lewis vs. Knox, 2 Bibb., 453; Mills vs. Mills, 40 N. Y., 543; Bowman vs. Coffroth, 59 Penn. St., 19; O'Hara vs. Carpenter, 23 Mich., 410. Ashby vs. Dillon, 19 Mo. 619.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note for $2,000 executed by the defendant to the plaintiff and dated 3rd March, 1870, and payable one year after the date thereof.

The defendant by an amended answer set up as a defense a total want of consideration, and that the only consideration for the note grew out of a written agreement executed by both parties, at the time the note was made, which reads as follows :

" This agreement entered into this 3rd day of March, 1870, by and between Samuel D. Porter of the City and County of St. Louis, State of Missouri, party of the first part, and Isaac Jones of the same City, County and State, party of the second part, witnesseth, That the said party of the first part, for and in consideration of the hereinafter agreement on the part of the party of the second, agrees to secure, in case of the resig-

nation or failure on the part of Rudolph Bircher to act as the administrator of the estate of Amaziah Jones deceased, which position he now holds, a responsible individual to take such position; in case of the failure of said Bircher to resign or decline to act, then to assume or cause to be assumed all liabilities, liens or indebtedness of said estate and hold the same subject to adjustment or liquidation from the proceeds of said estate; said party of the second part, in consideration of the above undertaking on the part of the said party of the first part, agrees to pay the said party of the first part the sum of two thousand dollars out of the proceeds of said estate, and hereby authorizes the administrator appointed to pay said sum of two thousand dollars to the said Samuel D. Porter party of the first part out of the proceeds of said estate received from rents or sale of the same or any part thereof after payment of all prior liens; this agreement to be full authority to the administrator so to do; in case said Porter fail to secure such administrator or to cause to be assumed the liability hereinbefore specified and to be paid out of the administration proceeds of said estate, then the agreement on part of party of second part to be null and void, to secure which sum of two thousand dollars the party of the second part has subscribed a note for said sum of even date herewith.

(Signed,)     JOHN B. HIGDEN,    S. D. PORTER,
                       LEON L. HULL,     IKE JONES."

The answer further alleges, that the said Bircher resigned his letters of administration on the 7th of March, 1870, but that the defendant wholly failed to comply with his agreement to secure a responsible party to administer on the estate, and the answer further relies upon the defense, that the alleged agreement was against public policy, and that it formed the only consideration for the note and that the note is therefore void.

The replication admits the agreement as set out, but charges that the plaintiff fully complied with its terms, denies that it was against public policy, &c.

Upon the trial the plaintiff was permitted to open and close the case before the jury and this is assigned for error here.

26—VOL. LII.

Evidence was given tending to show that the plaintiff had fulfilled his part of the alleged agreement, and on the part of the defendant proof was given tending to show that the plaintiff had not performed his agreement.

At the close of the case the defendant asked an instruction to the effect, that the plaintiff was not entitled to recover on the case as made before the jury. The Court refused this instruction and the defendant excepted. Other instructions were given and refused, but under the view I take of the case it is not material to notice them. The jury found a verdict for the plaintiff for the amount of the note and interest, and a judgment was rendered thereon at Special Term, which was reversed at General Term; and from this reversal the plaintiff has appealed to this Court.

The evidence on the trial showed that defendant was residuary legatee of the estate of Amaziah Jones, deceased. In case of the resignation of Bircher as administrator, he would have had the right to administer, and if no person entitled to administer should apply it would be the duty of the Probate Court if in session or the Clerk in vacation to appoint a suitable person. (1 W. S., 72, §§ 6,7.)

Parties have no right by agreement to attempt to control the discretion of the Probate Court, or the Clerk in the exercise of this discretion. The law is that the Court or Clerk in the contingency named, shall grant letters to any person who "shall be considered most suitable."

It is contended here, that all the plaintiff undertook to do was to find a responsible person who would take the appointment. That does not seem to be the scope and meaning of this contract. Was it the intention of these parties, that the plaintiff was to be paid two thousand dollars, whether the person he suggested was appointed or not? That would be the result if he was simply to procure a person who would take upon himself the administration if tendered to him.

In my judgment this agreement means, that the plaintiff was to secure the appointment of a responsible individual as administrator of this estate, he was not merely to find the

person, but to secure his appointment by the Probate Court or the Clerk in vacation.

This is demonstrated by the language used in the latter part of the agreement. The language referred to is "in case said Porter fail to secure such administrator or cause to be assumed the liabilities, &c., &c., then the liability on part of party of second part to be null and void." The main purpose of the agreement was to secure the appointment of an administrator. This agreement amounts to a trafficing in this important trust. Although it is not a public office, it is nevertheless a private trust just as sacred, and arises from an appointment to be made by a public court or officer. An agreement to procure an appointment to office is against public policy and void. The trust devolved upon an administrator through the appointment of a public functionary, ought to have the same safeguards thrown around it as if were a public office.

The note sued on in this case and the agreement upon which it was based, must be taken together and viewed as one instrument. As they amounted to a trading in the appointment of an administrator they are void as against public policy. This seems to be well settled by the authorities. (See Bowers vs. Bowers, 26 Penn. St., 74; Davison vs. Seymour, 1 Bosw., (N. Y., 88) Eddy vs. Capron, 4 Rhode Island, 394; Firemen vs. Berghaus, 13 La. An., 209; Gray vs. Hook, 4 Comst., (N. Y.) 449; Kick vs. Merry, 23 Mo. 72; Kribben vs. Haycraft 26 Mo., 396; Common Contracts, 30.)

Clark vs. Constantine, 3 Bush. (Ky.,) 652, which seems to intimate a contrary rule in a case somewhat similar to the one under review, does not seem to have been well considered, and is opposed to the principles decided in the very authorities referred by the Judge who delivered the opinion.

The question as to which party ought to have been allowed to open and conclude before the jury, becomes unimportant, as the doctrines here laid down must dispose of the case. But it may be observed, that the party on whom the burthen of proof lies in the first instance, ought to be allowed to open and conclude before the jury.

The judgment at General Term is affirmed and the petition dismissed. Judge Sherwood absent. The other Judges concur.