202    41
e214    206

### JAMES E. WAKEFIELD *et al.*

*v.*

### ROBERT W. VANTASSELL *et al.*

*Opinion filed February 18, 1903—Rehearing denied April 10, 1903.*

1. DEEDS—*right of grantor to impose restrictions in deed.* A grantor may lawfully insert such conditions or restrictions in his deed as he may see fit, and the same will be sustained if they are not against public policy and do not materially impair the beneficial enjoyment of the estate.

2. SAME—*benefit to accrue to the public from holding restriction invalid must be certain.* If conditions or restrictions in a deed are made in good faith and do not stipulate for anything either *malum in se* or *malum prohibitum*, the courts will not hold the deed invalid, as against public policy, unless the benefit to the public from such holding will be certain and substantial.

3. SAME—*when restriction in deed is not invalid.* A restriction in a deed to four lots that no grain elevator shall ever be built thereon or grain handled thereon is valid and binding, where there is no showing that the condition of the property or surroundings has changed so as to render such restriction unreasonable.

4. SAME—*what does not render restriction in deed against public policy.* The fact that the grain elevator erected upon premises in violation of a restriction in the deed is a public warehouse does not make the restriction against public policy, if there was no public warehouse on the premises when the deed was delivered and the property is not the only one available for a public warehouse.

5. SAME—*when restriction does not violate the rule against perpetuities.* A restriction in a deed that no grain elevator shall ever be built upon the premises or grain handled thereon does not violate the spirit of the rule against perpetuities. (*Gray* v. *Chicago, Milwaukee and St. Paul Railway Co.* 189 Ill. 400, followed.)

6. EJECTMENT—*estoppel in pais not available as a defense to ejectment.* An estoppel *in pais* cannot be invoked in an action of ejectment to defeat the legal title.

BOGGS, J., dissenting.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

This is an appeal from a judgment of the circuit court of Peoria county in an action of ejectment for condition broken in a deed.

The facts, briefly, show, that in the year 1893 R. W. VanTassell and wife, of the city of Peoria, in consideration of the sum of $850, conveyed to Adam J. Best, of the town of Princeville, in said county, by warranty deed, four town lots located in said town of Princeville and along and near the Rock Island railroad. The deed contained the following condition: "That no building shall ever be erected on all or any part of said land hereinafter described, in which to handle grain; and further, that no grain shall ever be handled on said land by the grantee herein, his grantee, administrator, executor, assigns or lessee, or by any one holding by, through or under him; and if this agreement is broken, said land shall revert to and become the property of the grantors herein." This deed was duly acknowledged and recorded

in the recorder's office of said county on the 29th day of June, 1893. Appellant Adam J. Best in the year 1901 conveyed an undivided one-half interest in the premises in question to James E. Wakefield, and the two together, during that year, built an elevator on said lots and began handling grain thereon. VanTassell made demand on appellants for possession for condition broken, which was refused. He then brought this suit, and upon general issue being filed the cause was tried by the court, by consent of parties, without a jury. At the conclusion of the evidence certain holdings of law were offered by the respective parties, some of which were given and some refused. The court rendered judgment for the plaintiffs below, the appellees here, for possession of the property, and appellants prosecuted their appeal from that judgment to this court.

The errors relied upon relate to the exclusion of evidence offered by appellants and refused by the court, and to the rulings of the court upon certain propositions of law offered by the respective parties, all of which are sufficiently covered by the assignments of error.

GEORGE B. FOSTER, and WHITMORE, BARNES & BOULWARE, for appellants.

ARTHUR KEITHLEY, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

Appellants contend that the deed conveying the premises in question to Best operated as an absolute conveyance in fee, free from all restrictions or limitations whatever as to any future use to which the premises might be put, for the reasons that the condition in the deed was (1) contrary to public policy and against public welfare; (2) that it violates the spirit of the rule of perpetuities; (3) that it is unreasonable; and (4) that it is inoperative by reason of the intervention of the doctrine of equitable estoppel.

The condition as expressed in the deed is plain and unambiguous and needs not the aid of a court to construe its meaning. Parties have a right to make deeds and insert therein such conditions as they see fit, and contracts entered into freely and voluntarily must be held sacred and be enforced by the courts. As the parties make their deeds and contracts so the courts must take them; and yet they must not be such contracts as are in contravention of the paramount principle of public good. So long as the beneficial enjoyment of an estate conveyed in fee simple is not materially impaired by restrictions and conditions contained in a deed, such restrictions and conditions, as to the mode of its use, are held valid. The enforcement of these conditions by the courts arises from the principle of law that every owner of the fee has the legal right to dispose of his estate either absolutely or conditionally, or to regulate the manner in which the estate shall be used and occupied, as the grantor may deem best and proper. Just so long as the conditions and restrictions are not violative of the public good or subversive of the public interests they will be enforced.

It has been well said that public policy is a variable quality, but that it is only variable in so far as the habits, capacities and opportunities of the public have become more varied and complex, and that the principles to be applied have always remained unchanged and unchangeable. "The relations of society become, from time to time, more complex. Statutes defining and declaring public and private rights multiply rapidly, and public policy often changes as the laws change, and therefore new applications of old principles are required." (*Davies* v. *Davies*, L. R. 36 Ch. Div. 364.) It is not the interest of the parties alone which is to be considered the true test, but in each particular case, under the facts, the judicial inquiry is, will the enforcement of the condition be inimical to the public interests; and so in *Price* v. *Green*, 16 M. & W. 346, a contract not to carry on the perfume busi-

ness within six hundred miles of London was held void, the contract being one which the court deemed would be against public policy to enforce; yet in the case of *Nordenfelt* v. *Maxim, etc. Co.* L. R. (1894) App. Cas. 535, where the patentee and manufacturer of guns and ammunition for war purposes transferred his patent to a company and covenanted with the latter not to engage in that business for a term of twenty-five years, it was held that this condition was valid and not against public policy, for the reason that, owing to the nature of that particular business and the limited number of customers to whom sale might be made, (being mainly to the governments of countries,) the restraint imposed in that case was not larger than was necessary for the protection of the contractee and not injurious to the public interest. In *Brooks* v. *Cooper*, 50 N. J. Eq. 761, it is said: "Whatever tends to injustice or oppression, restraint of liberty, restraint of legal right; whatever tends to the obstruction of justice, a violation of a statute or the obstruction or perversion of the administration of the law; whatever tends to interfere with or control the administration of the law as to executive, legislative or other official action, whenever embodied in and made the subject of a contract, the contract is against public policy and therefore void, and not susceptible of enforcement,"—as, for instance, an agreement to withdraw an election petition in consideration of money was held void. (*Coppock* v. *Bower*, 4 M. & W. 361.) And so an agreement to obtain a pardon was held void. (*Kribben* v. *Haycraft*, 26 Mo. 396.) Likewise contracts for services known as "lobby services," (*Trist* v. *Child*, 21 Wall. 441,) and a note executed in consideration of the payee agreeing to resign a public office in favor of the maker and using his influence to appoint the latter his successor, are void. (*Meacham* v. *Dow*, 32 Vt. 721.) And conditions in general restraint of marriage, (*Randall* v. *Marvle*, 69 Me. 310,) or general restraint of alienation, (*Reefsnyder* v. *Hunter*, 19 Pa. St. 41,) or the

procuring of a *nolle prosequi* from the Governor, (*Wildey
v. Collier*, 7 Md. 273,) or to prevent competition in bidding
for government contracts, (*Gulick* v. *Ward*, 5 Halst. 87,)
have been held void as opposed to public policy. But
where the condition is made in good faith and stipulates
for nothing that is *malum in se* or *malum prohibitum*, be-
fore the court should determine the condition to be void,
as contravening public policy, it should be satisfied that
the advantage to accrue to the public for so holding is
certain and substantial and not theoretical and problem-
atical. (*Kellogg* v. *Larkin*, 3 Pinney, 123; 3 Chand. 133.)
So it has been universally held that conditions in deeds
restraining the grantee from selling intoxicating liquors
upon the premises are valid. (*Cowell* v. *Colorado Springs
Co.* 100 U. S. 55; *Star Brewery Co.* v. *Primas*, 163 Ill. 652.)
An agreement not to run a stage coach on a certain road
has been held valid, (*Pierce* v. *Fuller*, 8 Mass. 223,) and a
condition that a party would not, at any time thereafter,
own, run or be interested in any line of packet boats on
the Erie canal was held valid; (*Chappel* v. *Brockway*, 21
Wend. 157;) also, a condition that a school house should
not be erected on the premises, (*McKissick* v. *Pickle*, 16
Pa. St. 140,) or a distillery, or a machine-shop for iron
manufacture, or a hospital, or a cemetery, have all been
held to be valid conditions. (*Plumb* v. *Tubbs*, 41 N. Y. 444.)
A stipulation in a deed that the premises conveyed should
not be used or occupied as a hotel, (*Stines* v. *Dorman*, 25
Ohio St. 580,) and a condition against the erection of a
building for the manufacture of resin oil, (*Atlantic Dock
Co.* v. *Leavitt*, 54 N. Y. 35,) and a condition that the gran-
tor should have the exclusive right to sell beer to any
public house erected on the land conveyed, (*Colt* v. *Towle*,
Eng. Ch. App., decided in 1859,) were held enforceable
conditions. A condition that neither the premises nor
the building erected thereon was to be used, at any time
thereafter, as a public house, (*Post* v. *Bernheimer*, 31 Hun,
247,) also a condition in a deed to the county on·the

express condition that the county would "erect thereon, within five years, a court house for the use of the said county, and keep and maintain the same thereon for the space of ten years," (*Pepin Co.* v. *Prindle*, 61 Wis. 301,) have been held valid. And where an estate was conveyed on the condition of not placing a window on the north side of the house, and the grantor was never the owner of the land adjoining on the north side, and the estate was afterwards mortgaged by the grantee, it was held that the whole estate, both of the mortgagor and mortgagee, was forfeited on condition broken. *Gray* v. *Blanchard*, 25 Mass. 284.

In *People* v. *Chicago Gas Trust Co.* 130 Ill. 268, this court said: "Public policy is that principle of the law which holds that no subject or citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." The question, then, in this case to determine is, does the condition in the deed have a tendency to be injurious to the public or to be against the public good.

It will be observed that in this deed the only condition contained therein was that no grain elevator should ever be built thereon or grain ever be handled thereon. It left the estate free to be used for any and for all other purposes whatsoever, and was not subversive of the estate and did not destroy or limit its alienable or inheritable character. (*Cowell* v. *Colorado Springs Co.* 100 U. S. 55.) The condition, as made at the time of the deed between the parties, appears to have been a reasonable one, and the intent of the parties to the deed is clear. There is no showing in the record that the situation of the property or surroundings have changed, so as to make the condition at the present time an unreasonable one, and we cannot see that there would result any certain and substantial advantage to the public by holding the condition in this deed void. The parties having seen fit to place such a condition in the deed, the intention

being clear and free from doubt, and the same not being *malum in se* or *malum prohibitum* and not contrary to public policy, the court must enforce the same. *-Hutchinson* v. *Ulrich,* 145 Ill. 342.

In support of appellants' contention that the condition in this deed is contrary to public policy and against the public welfare, attention is called to the fact that the evidence shows that the building erected on the premises in question is a public warehouse and a subject of great public concern, in the encouragement of which the public has an interest, and that any condition which would tend to restrict such encouragement must necessarily be deemed contrary to public policy. At the time of the deed to appellant Best there was no elevator upon the premises or grain being handled thereon. The condition in the deed became effective upon the delivery of the deed, and the public, so far as it related to the property here involved, could have no interest in a business not then existing thereon. Had the restriction been so broad as to have affected all the available lands in the community from being occupied by a warehouse, or had there been, at the time the deed was made, a public warehouse upon the premises and the condition sought to prohibit the use of such as a warehouse, then a different question might be presented for determination, as to the effect of which we express no opinion. The public is no more injuriously affected by a condition prohibiting the use of a small tract of land in a village for the purpose of a public warehouse than it is affected by a condition prohibiting the use of a tract of ground for a school house, and in the illustrations above cited there are numerous businesses of great public concern, but their inhibition from limited areas were not deemed to be inimical to public policy.

Nor do we think the contention of counsel for appellants that the condition violates the spirit of the rule of perpetuities can be sustained. In *Gray* v. *Chicago, Milwau-*

·kee and St. Paul Railway Co. 189 Ill. 400, where one of the conditions of the deed in question was that appellee should maintain a passenger depot at a certain place and stop thereat all its accommodation trains to take and leave passengers, it was contended by appellee that the condition, being perpetual, was illegal and void and that the appellee held the land free from such invalid condition, but this contention we refused to uphold; and we think that case decisive of the one at bar as to appellants' objection that the condition violates the spirit of the rule of perpetuities. This disposes of appellants' first, second and third contentions.

Appellants further urge that the condition should not be enforced for the reason that appellees are estopped from claiming under the restriction because they had actual notice of the intention of appellants to erect a warehouse upon the premises, which were vacant, and permitted appellants so to do without hindrance or objection. There is no proof in the record that the appellees stood by and permitted this elevator to be erected upon this property without protest; but even if such were the case, it would not be permissible, in an action of ejectment, to invoke estoppel *in pais* in order to defeat the legal title to the land. *Linnertz* v. *Dorway*, 175 Ill. 508.

Appellants insist that the rulings of the trial court in excluding certain evidence tending to show the nature of the business and property interests of appellees in the village of Princeville was erroneous. There was no error in excluding this testimony. *Gray* v. *Chicago, Milwaukee and St. Paul Railway Co. supra.*

At the request of appellees the court trying the case without a jury made four holdings as to the law of the case: First, that the condition in the deed was a valid one and for violation of it appellees could recover; second, that the condition was not such a restraint of trade as to violate the law or to invalidate the deed; third, that appellants were estopped from denying the title of

202—4

appellees at the time of making the deed in controversy; fourth, that it was not necessary, in order to enable the plaintiffs to recover, that they should show where they procured their title or what that title was. The appellants offered fifteen holdings, of which the first, third and fourth were held as requested and the remaining twelve were refused. All the refused holdings but the eleventh were upon the proposition that real estate is an article of commerce; that uses to which it should be devoted are constantly changing as the business of the country increases and as its new wants are developed, and it is contrary to public policy to tie up real estate with restrictions and prohibitions as to its uses. This proposition was presented in various forms; some on the theory that it was against public policy because it was in restraint of trade; others upon the theory that the public is interested in public warehouses and in the business conducted in them; and others that such restrictions were against the constitution and laws of the State. The eleventh refused holding was to the effect that the restriction was void because it prevented the building of a public warehouse on the only suitable and available lots in the village; that there was no public warehouse in the village at the time of the execution of the deed, and because, further, the grantor had no other lots or interests in the village. This instruction was refused because it was not applicable to the facts. If the propositions offered on behalf of appellees were properly held, as we think they were, the court did not err in the refusal of those asked by appellants.

Finding no errors in the record the judgment of the circuit court is affirmed.        *Judgment affirmed.*

Mr. JUSTICE BOGGS: I do not concur in this opinion.