ROBERT VANTASSELL

*v.*

WILLIAM WAKEFIELD.

*Opinion filed February 21, 1905.*

APPEALS AND ERRORS—*when freehold is not involved on appeal.*
A freehold is not involved on an appeal from an order entered up-
on a petition filed by the defendant in an ejectment suit, giving the
plaintiff the option of paying a certain sum to the defendant for the
improvements erected on the land or allowing him to remove the
same, since by payment of the sum specified the plaintiff could dis-
charge whatever lien the defendant might have upon the property
for the value of the improvements.

APPEAL from the Circuit Court of Peoria county; the
Hon. N. E. WORTHINGTON, Judge, presiding.

This is an appeal from an order or decree, based upon a
petition filed by leave of court in an ejectment suit, by the
terms of which it is ordered, adjudged and decreed that the
present appellant, Robert VanTassell, plaintiff in said eject-
ment suit, "shall and may have the option of paying the said
petitioner, William Wakefield, for said improvements men-
tioned in the foregoing findings, the sum of $5755.00 upon
giving said petitioner or his attorney within ten days of the
date of this order, written notice of his election so to do,
such payment to be made within ten days, or by giving with-
in said ten days to petitioner a good and sufficient bond with
security to be approved by the clerk of this court for the
payment of the said sum of $5755.00 within one year from
the date of this order with interest at the rate of five per
cent per annum, and, in default of such payment or such no-
tice of election and giving of bond as aforesaid, said peti-
tioner, William Wakefield, shall and may have the right to
enter upon said premises, and to remove therefrom all last-
ing and valuable improvements, mentioned in the finding
herein, at his own expense within thirty days from and after

the expiration of the time, fixed by the court for the taking of an appeal herein; * * * that the said petitioner, in removing the said improvements from the said premises, shall put said premises as far as practicable in the same condition they were in before the said improvements were placed thereon."

ARTHUR KEITHLEY, for appellant.

BARNES & BOULWARE, and GEORGE B. FOSTER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The order or decree, from which the present appeal is taken, was entered in a proceeding begun by petition, which is a part of the ejectment suit heretofore decided by this court, and reported as *Wakefield* v. *VanTassell*, 202 Ill. 41. The facts involved in the ejectment suit are set forth in *Wakefield* v. *VanTassell, supra,* and need not be here repeated. The decision as made by this court in that case, held that the conditions or restrictions in the deed executed by appellant, Robert VanTassell, to Adam J. Best, under whom the present appellee, William Wakefield, holds, were valid. When the second judgment was rendered in the ejectment suit in favor of the present appellant on May 3, 1902, a stipulation was entered into between the parties to the suit in the words and figures following, to-wit: "Said cause having come on to be heard at said term by the court without the intervention of a jury, and the court having found the issues for the plaintiff, and being now about to render judgment herein, and the said cause being about to be appealed to the Supreme Court; now upon the final decision of said cause by said last mentioned court said cause may, if the same should be affirmed, be remanded to said circuit court for further proceedings touching questions as to the improvements

upon the premises in controversy, and the assessment of the same; and said circuit court may in such event then make any and all orders it could now make therein under and by virtue of the ejectment laws of said State."

Upon the basis of said stipulation, and in pursuance thereof, the present appellee, William Wakefield, filed in said ejectment suit his motion, supported by affidavit, for the nomination and appointment by the court of seven commissioners to assess the value of all lasting and valuable improvements erected upon said premises, the value of said premises exclusive of said improvements, the time when said improvements were erected, and to do all other acts, required by the provisions of the ejectment laws of the State. The cause had been re-docketed in the circuit court by the consent of the parties, and Adam J. Best, the grantee in the deed from VanTassell, and one of the original defendants, having died and prior to his death conveyed all his interest in said premises to his co-defendant, James E. Wakefield, and said James E. Wakefield having been adjudged a bankrupt, and said William Wakefield having at a sale of said bankrupt's estate become the purchaser of said premises involved in said ejectment suit, he was on his own motion substituted as defendant in said cause. In pursuance of appellee's motion, the circuit court nominated and appointed commissioners for the purposes mentioned in the ejectment statute, and in manner and form as there required. These commissioners duly qualified, went upon the premises, heard evidence of witnesses, and, at the time and in the manner provided in the Ejectment act, filed their report of their acts and doings as such commissioners with the court, together with the evidence taken by them relating to the value of the improvements, from which it appeared that the value of the improvements amounted to $5755.00, and that the value of the lot, exclusive of the improvements, was $950.00. To this report appellant filed exceptions, and, upon the hearing of the same, the court found that appellee's claim for the value

of said improvements did not come within the provisions of the Ejectment statute, as shown by the testimony in the case.

Thereupon, on June 13, 1904, in the ejectment suit, the appellee filed the petition already referred to, wherein the appellee set up the terms of the deed, dated June 17, 1893, and recorded June 29, 1893, from VanTassell to Best, which was made upon the express condition that no building should ever be erected on all or any part of the premises thereby conveyed, in which to handle grain, and further, that no grain should ever be handled on said land by the grantee therein, his grantee, administrator, executor, assigns or lessee, or by any one holding by, through or under him; and also upon condition that, if the said agreement should be broken, said land should revert to and become the property of the grantors therein, VanTassell and his wife; and in which petition appellee also set up all the proceedings in the ejectment suit from its commencement on August 16, 1901, down to May 16, 1904, when the exceptions to the report of said commissioners were sustained. All the records, files and proceedings above referred to were made a part of the petition, and the court was therein asked to consider the same as though they were fully set out. In the petition appellee avers "that the court has equitable jurisdiction to order that said lasting and valuable improvements, situated upon said premises, may be removed by said petitioner at his cost, and that your petitioner is remediless in the premises except in an equitable proceeding by means of this petition, and he prays that, upon a hearing hereof, your honor will order that said petitioner shall be permitted to go upon said premises and remove therefrom all said lasting and valuable improvements, mentioned in said commissioners' report, and shall become and be the owner of all said improvements, unless said plaintiff shall elect by a short time to be fixed by the court to pay to your petitioner for said improvements the said sum of $5755.00, to be paid in manner and form, as provided by the statute entitled 'Ejectment,' " etc.

It appears from the proceedings that, in violation of the condition or restriction contained in the deed, Adam J. Best in the year 1901 conveyed an undivided one-half interest in the premises in question to James E. Wakefield, and the two together during that year built an elevator on said lots, and began handling grain thereon. As a result of the litigation in the ejectment suit, the title to the property, on which the grain elevator was built, has reverted to the grantor in the deed, the present appellant, Robert W. VanTassell, and the only question presented by the petition, on which the order here appealed from is based, is as to the improvements placed upon the premises by Best and his grantees. Those improvements consisted of one wooden frame lime house valued at $25.00, one wooden office valued at $50.00, two lumber sheds valued at $550.00, one elevator valued at $5000.00, and one engine room valued at $130.00, making, in the aggregate, a value of $5755.00.

In *Ross* v. *Irving,* 14 Ill. 171, in construing the provisions of the Ejectment act in regard to damages and improvements, this court says of the statute, "that it does not provide for compensating the occupant in any and all cases for the improvements, which he may have made upon the land of another, but only in cases where he entered peaceably on the land, having a clear, connected title of his own, and made the improvements before receiving notice of the title of his adversary." It cannot be said that the appellee, William Wakefield, did not have notice of the title of the appellant, inasmuch as he held under the deed from appellant to Best, which contained the condition or restriction that no building for the handling of grain should be erected upon the premises; and he also must have had notice of the violation of that condition or restriction, because the grain elevator and the other buildings mentioned had been erected upon the premises when he bought them. "The general rule is, that an allowance for reasonable improvements, which are of a permanent character and of benefit to the estate, will be made

214—14

to a purchaser who makes them in good faith and under the belief that he is the true owner." (*Cable* v. *Ellis,* 120 Ill. 136; *Lagger* v. *Mutual Union Loan Ass.* 146 id. 283).

Whether or not the appellee, having failed to substantiate his claim for improvements under the provisions of the Ejectment act, had a right in the ejectment suit to file this petition, which is in the nature of a bill in chancery, for the purpose of obtaining compensation for such improvements, is a question which we do not deem it necessary to decide. We are of the opinion that the present appeal should have been prosecuted to the Appellate Court, as no freehold is involved.

It is well settled by the decisions of this court, that a freehold is not involved in a suit to foreclose a mortgage. (*VanMeter* v. *Thomas,* 153 Ill. 65; *Fields* v. *Coker,* 161 id. 186). A bill to foreclose a mortgage is a bill to enforce the lien of the mortgage. Where the question is as to the existence of a lien on land, no freehold is involved. (*LaFleure* v. *Seivert,* 188 Ill. 525).

"A freehold is not involved within the meaning of the statute, giving an appeal directly to, or writ of error directly from this court from or to the trial court, where the litigation may, on certain contingencies, result in the loss of a freehold, but which will not necessarily have that effect, or where the freehold may be directly affected by the judgment or decree unless payment is made, or some act done to arrest the sale of the land, or discharge a lien thereon for the payment of money. In order that there should be a right of immediate appeal to or writ of error from this court, the title to the freehold must be directly put in issue. * * * A freehold is involved within the sense and contemplation of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue." (*Malaer*

v. *Hudgens,* 130 Ill. 225; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 id. 217; *Sanford* v. *Kane,* 127 id. 591; *Rhoten* v. *Baker,* 193 id. 271). A freehold is not involved where the proceeding is such that it may in some manner be arrested by paying the claim or discharging the lien involved. A freehold is not necessarily involved where the effect of the decree may be altogether avoided by payment of the amount of the claim of the complainant. Where the defendant may defeat the object of the suit, so far as it seeks to disturb his title, by paying off the claim sought to be enforced against it, a freehold is not necessarily involved. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson, supra.*)

Upon an examination of the order or decree here appealed from, it will be seen that appellant could prevent a removal of the improvements from the premises in question by paying the sum of $5755.00 within a certain time, or by giving a bond to secure the payment thereof within a certain time. The present case comes, therefore, within the spirit of the decisions already referred to, which hold that, where a sale of the land may be arrested, or a lien thereon for the payment of money may be discharged, by the making of payment or the doing of some other act, a freehold is not directly affected by the judgment or decree.

It has been said: "If the true owner stands by and suffers the occupant, without notice of his title, and acting in innocent mistake, to make repairs and improvements, he will be compelled in equity to re-pay the amount thus expended, and the claim for re-payment will constitute an equitable lien on the property." (3 Pomeroy's Eq. Jur. sec. 1241, note 1, and cases there referred to). Without passing any opinion upon the question, whether or not the appellee is here entitled to be paid for the improvements upon the lot here in controversy, it is sufficient to say that, if he is entitled to remove the improvements from the premises, it will be because of his right to enforce an equitable lien upon the prop-

erty for the re-payment of the value of such improvements; and where the proceeding is one for the enforcement of a lien, a freehold is not involved. It is true that the petition in this case avers that the appellee is the equitable owner of the improvements, and not that he is entitled to an equitable lien thereon, but it is nevertheless true that the removal of the improvements can be prevented by the appellant by the payment of the value thereof, as set up in the petition. The appellant is, by the terms of the order, given the option of paying to the appellee the amount fixed upon as the value of the improvements; and such payment would prevent the removal of the improvements, just as the payment of a mortgage would prevent the sale of the land, although, if a sale takes place under a foreclosure proceeding, the freehold may be eventually lost to the defendant in the foreclosure.

For the reason that no freehold is involved and that the appeal should have been prosecuted to the Appellate Court, the present appeal to this court is dismissed.

*Appeal dismissed.*