MINNIE SCHWITTERS et al. Plaintiffs in Error, vs. R. MA-
GOON BARNES et al. Defendants in Error.

Opinion filed February 16, 1910.

APPEALS AND ERRORS—when freehold is not involved. A free-
hold is not involved on a writ of error by beneficiaries of a trust
created by will to reverse a decree appointing a certain person as
trustee to act in the place of the testamentary trustees, who have
resigned, and directing a conveyance by such trustees to the trus-
tee appointed, since the fee will remain in the trustee, whoever he
may be, and no title can vest in the beneficiaries except under the
provisions of the will.

WRIT OF ERROR to the Circuit Court of Woodford
county; the Hon. JOHN H. MOFFETT, Judge, presiding.

LIVINGSTON & BACH, for plaintiffs in error.

R. MAGOON BARNES, for himself.

Mr. JUSTICE COOKE delivered the opinion of the court:

Heiio Schwitters died testate in Woodford county on
October 24, 1900. He devised all his property, real and
personal, to three trustees, (naming them,) to manage, con-
trol and invest as they should deem best, giving them full
power and authority to sell and convey any of the personal
or real estate and to invest the proceeds. He directed that
his wife, Dorothy Schwitters, should be paid the whole of
the income from the property during her lifetime or as
long as she remained his widow, and that in case she should
marry she be paid one-half of the income. The wife was
made guardian of the minor children and was charged with
their maintenance. The will provided that each of the chil-
dren should be paid the sum of $600 upon arriving at the
age of twenty-one years, out of the income devised to the
wife, and that at the death of the wife, and when the young-
est child had attained the age of twenty-one years, the trus-
tees should either convert all the property into cash and

divide the same equally among his children, or make equal division of the property among them, as said trustees should think best. The will was probated in the county court of Woodford county and one of the trustees refused to qualify. The two remaining, one of them being the widow, accepted the trust and qualified. On February 10, 1903, these two trustees resigned and declined to act further. Dorothy Schwitters on the same day filed in the circuit court a certified copy of all the proceedings had in the probate court in said estate, together with her motion, in her own proper person, to appoint R. Magoon Barnes as sole trustee under the last will and testament of Heiio Schwitters. No bill of complaint was filed, no one made party defendant and no notice of the application given to any of the parties in interest. On that same day the motion of Dorothy Schwitters was sustained and the circuit court entered a decree appointing R. Magoon Barnes as sole trustee, with all the power and authority which the will had conferred upon the trustees named therein, and with directions to execute the trusts named in said will. It was also decreed that the two testamentary trustees forthwith execute and deliver to Barnes, as trustee, a quit-claim deed for the real estate owned by the deceased at the time of his death, (describing the same,) conveying it under the terms, conditions, limitations and trusts named in the will. Barnes qualified immediately, the same decree having approved his bond. After Barnes had so qualified, and still upon the same day, the county court accepted the resignation of Dorothy Schwitters and her co-trustee and discharged them. Barnes has continued to act as such trustee and has made various reports up to this time to the circuit court. The decree of the circuit court is brought here for review upon writ of error sued out by the three minor children and one of the adult children of Heiio Schwitters.

Defendant in error, R. Magoon Barnes, trustee, has heretofore filed his motion to dismiss the writ, which mo-

tion was taken with the case.  Numerous reasons are assigned in support of the motion, one of which, and the only one entitled to consideration, is, that a freehold estate is not involved.  Upon considering this question it is clear that this writ of error should have been sued out of the Appellate Court.  No freehold is involved, and there is no other ground which gives this court jurisdiction.  It is only in cases where the title is put in issue that a writ of error may issue from this court directly to the trial court.  "A freehold is involved, within the sense and contemplation of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue." *Malaer* v. *Hudgens,* 130 Ill. 225; *VanTassell* v. *Wakefield,* 214 Ill. 205; *Wachsmuth* v. *Penn Mutual Life Ins. Co.* 231 id. 29.

In this case the title remains in the trustee, whomsoever he may be, and he can only exercise such powers as are vested by the will.  No title could vest in the plaintiffs in error except under the provisions of the will.  The only concern or interest they can have in this litigation is to have a voice in the appointment of some proper person as trustee. *Nevitt* v. *Woodburn,* 175 Ill. 376; *Harney* v. *Ross,* 227 id. 539.

This court being without jurisdiction, the cause will be transferred to the Appellate Court for the Second District, and the clerk of this court will transmit to the clerk of the Appellate Court all the files in this case, together with the order transferring the cause.           *Cause transferred.*