(No. 17572.—Cause transferred.)
JOHN P. OLIN *et al.* Appellees, *vs.* GEORGE W. REINECKE *et al.* Appellants.

*Opinion filed October 28, 1926.*

1. FREEHOLD—*when a freehold is involved.* A freehold is involved only in cases where the necessary result of the decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

2. SAME—*freehold is not involved in suit involving only existence of a lien.* A freehold is not involved where the question is as to the existence of a lien on land or where the proceeding is such that it may in some manner be arrested by paying the claim or discharging the lien involved.

3. SAME—*freehold not involved in suit for reimbursement for improvements erected by mistake on lot owned by defendants.* A freehold is not involved in a suit against the owners of a lot for reimbursement of the value of a building erected by mistake on such lot, the bill being based on the complainants' right to an equitable lien because the defendants stood by and suffered the complainants, acting in innocent mistake and without notice of the defendants' title, to erect the building on the wrong lot.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

322—29

HOAG & ULLMANN, (FREDERIC ULLMANN, and GEORGE M. BURDITT, of counsel,) for appellants.

ARTHUR H. CHETLAIN, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellees filed their bill in equity in the circuit court of Cook county seeking relief from the mistake of appellee John P. Olin in constructing a two-flat brick building and double garage on lot 34, in block 22, of Southfield subdivision to Chicago instead of lot 33, to which he had title. The bill alleges that the agent of the owner showed Olin a plat and offered to sell him lot 33; that they went upon the premises and found impressed in the sidewalk, numbers presumably corresponding with the lot numbers on the plat; that the agent stood upon the number "33" and pointed out the lot which was for sale; that the lot opposite the number "33" was actually lot 34; that appellants were familiar with these vacant lots and knew that Olin was building the apartment and garage on the lot which all the parties thought he had purchased; that appellants purchased lot 34 after Olin had erected the buildings thereon, and that they now claim the title to the lot and the improvements. Appellees pray that appellants be required to convey to them lot 34 upon payment of the fair value of the lot without the improvements, or that appellants be required to pay to appellees the fair value of the improvements erected by appellees on lot 34. Appellants answered the bill and evidence was taken. A decree was entered finding the equities with appellees and ordering that appellants pay to the master in chancery $12,565.22, with costs, within thirty days, and that in default of payment of that amount lot 34, and the improvements thereon, be sold at public sale and the proceeds distributed, first, to pay the cost and expenses of sale; second, to pay $4500, the present value of lot 34, unim-

proved, to appellants; third, to pay $6000 and interest to the holder of the mortgage notes; fourth, to pay the difference between such mortgage and $12,565.22, and costs, to appellees; and fifth, to pay the surplus, if any, to appellants. An appeal is prosecuted to this court on the ground that a freehold is involved.

A freehold is involved, within the sense and contemplation of the constitution and the statute, only in cases where the necessary result of the decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. Where the question is as to the existence of a lien on land no freehold is involved. A freehold is not involved where the proceeding is such that it may in some manner be arrested by paying the claim or discharging the lien involved. Upon an examination of the decree from which this appeal is taken it will be seen that appellants could prevent a sale of the lot by paying the value of the improvements. There is no claim that appellees have title to lot 34 nor is the title of appellants to said lot put in issue by the pleadings. The theory of the bill is that appellants have stood by and suffered appellees, acting in innocent mistake and without notice of appellants' title, to erect buildings on appellants' lot, whereby appellees are in equity entitled to have re-paid to them the amount thus innocently expended. If appellees are entitled to recover in this suit it is because of their right to enforce an equitable lien upon the property of appellants for the re-payment of the value of the improvements. The proceeding being one for the enforcement of a lien, a freehold is not involved. *VanTassell* v. *Wakefield*, 214 Ill. 205.

The cause is transferred to the Appellate Court for the First District.                    *Cause transferred.*