GEORGE P. UHL, Plaintiff in Error, *v.* ANDREW J. DIGHTON, Defendant in Error.

ERROR TO PIATT.

Our statute has modified the common law, by confining a distress for rent to the property of the tenant, and by authorizing the seizure to be made at any place within the county.

But crops growing on the land leased, are liable to distress for the rent for the current year, even though they are the property of a sub-tenant.

THE facts of this case are stated in the opinion.

W. E. LODGE, for Plaintiff in Error.

A. J. GALLAGHER, for Defendant in Error.

WALKER, J. This was an action of trespass *de bonis asportatis*, instituted by Uhl against Dighton, in the Piatt Circuit Court. Defendant filed the general issue, and a special plea, which averred that one Smith was the tenant of defendant, of a certain farm at the yearly rent of $360; that on the first day of December, 1858, and afterwards at the time of the alleged trespasses, that sum was due and in arrear for rent due for the year 1859. That defendant entered into and upon the farm, with the sheriff of Piatt county, as his bailiff, and seized, took and distrained the goods in the declaration mentioned, the same being corn grown on the farm during the year 1859, and during the continuance of the demise, and that he took the same in the

most fit place, and sold the property by virtue of a certificate from the Piatt Circuit Court, as he lawfully might. To that plea plaintiff filed a replication, which admitted the lease and that the corn was grown upon the farm during the year 1859, but avers that plaintiff was not the tenant of defendant, but was a sub-lessee of the premises, holding under Smith, and that by the terms of the lease from Smith to him, the rent was not due until the 25th day of December, 1859; that the property in the plea mentioned was the property of plaintiff and not of Smith. Defendant demurred to the replication, which demurrer was sustained by the court, and judgment rendered against plaintiff in bar of his action and for costs. The assignment of errors questions the correctness of that decision.

At the common law, the landlord might distrain any property found upon the demised premises, for rent in arrear. And this right was by no means limited to the property of the tenant, but extended to that of a stranger. It is true the landlord could only enforce his right by this remedy, during the continuance of the term, and was limited to the property found upon the premises. But in favor of trade and for some other purposes, some articles were exempt at the common law. Our statute has somewhat modified the rigor of the common law, by confining the distress to the property of the tenant, but authorizes it to be seized at any place within the county.

The 7th section of chapter 60, R. S., 1845, provides that, " In all cases of distress for rent, it shall be lawful for the landlord, by himself, his agent or attorney, to seize for rent, any personal property of his tenant that may be found in the county where such tenant shall reside; and in no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for rent due from such tenant." And the 8th section provides that, " Every landlord shall have a lien upon the crops, growing or grown upon the demised premises in any year, for rent that shall accrue for such year." This then presents the question whether crops grown on the premises by an under-tenant, are governed by the seventh or eighth sections of this act. As such crops are the property of another person they must be held to be embraced in the former, if not taken out of its operation by the latter section. Then was it the design of the legislature to except such property from the operation of the seventh section? If the latter clause of a statute is repugnant to a former provision, the last must prevail. The eighth section gives a lien upon the crops growing or grown upon the premises, and this to the extent of the year's rent acruing during the year they are grown. The terms employed are broad and comprehensive, they are qualified by no exception.

The lien is not limited to the crops of the tenant growing or grown, but the language employed embraces all the crops thus grown.

Had the legislature designed to exempt the crops of others, grown upon the premises, it seems to us language would have been employed, from which we could have inferred such intent. The seventh section would have had that effect beyond all question, if it were not repugnant to the eighth, so far as it relates to crops grown on the premises. We are therefore of the opinion, that the legislature designed to have the common law in force as to such crops, while it repealed it as to other property not belonging to the tenant. This replication then presented no answer to the plea, and the court below did not err in sustaining the demurrer.

The judgment of the court below is affirmed.

*Judgment affirmed.*