### Robert Van Tassell v. William Wakefield.

#### Gen. No. 4,487.

1. IMPROVEMENTS—*when reimbursement for, cannot be obtained.* Where the record owner of land has been ejected therefrom because of his breach of a condition contained in a deed, and the title revests in another, he cannot recover from such other the value of improvements made on such land prior to his ejectment.

Bill for accounting. Error to the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1905. Reversed. Opinion filed August 1, 1905.

ARTHUR KEITHLEY, for plaintiff in error.

BARNES & BOULWARE and GEORGE B. FOSTER, for defendant in error.

Mr. Presiding Justice Vickers delivered the opinion of the court.

In 1893 plaintiff in error sold and conveyed to Adam J. Best, lots 4, 5, 6, and a part of 7, block 4, in the town of Princeville, in Peoria county. The deed contained the following condition: "Upon the expressed condition that no building shall ever be erected on all or any part of said land hereinafter described in which to handle grain, and further, that no grain shall ever be handled by the grantee herein, his grantees, administrators, executor, assigns or lessee or by any one holding by, through or under him, and if this agreement be broken, said land shall revert to and become the property of the grantors herein." On the 29th day of May, 1901, Best conveyed one-half interest in the premises to James E. Wakefield, who, on June 19, 1901, mortgaged said premises to defendant in error for $2,500. James E. Wakefield was adjudged a bankrupt in 1903, and his trustee conveyed under order of the court to defendant in error. In 1901 Van Tassell commenced an ejectment suit in the Circuit Court of Peoria County against Best and Wakefield, and recovered a judgment for the premises on the ground that the condition subsequent in the deed of June 17, 1893, had been broken by the erection of a grain elevator on said premises and the handling of grain therein. From this judgment an appeal was taken to the Supreme Court and the judgment was there affirmed, the court holding the condition in the deed was valid and that the same had been broken. See Wakefield v. Van Tassell, 202 Ill. 41. A further appeal was prosecuted to the Supreme Court of the United States, which was dismissed for want of jurisdiction. In pursuance of a stipulation entered into before the case was appealed to the Supreme Court, the case was redocketed in the Circuit Court of Peoria County.

By conveyances, defendant in error had become the owner of all the title and interest of Best and James E. Wakefield. On March 10, 1904, defendant in error filed his motion in the Circuit Court, supported by affidavits, for the appoint-

ment of commissioners under the occupying claimants' law, to value the improvements placed upon the premises of which he had been evicted by the judgment in ejectment. The commissioners were appointed and proceeded to appraise the improvements and value the lands without the improvements. It appears from the record before us that upon the coming in of the commissioners' report, plaintiff in error filed exceptions thereto on the ground that this was not a case where compensation could be made for improvements under the statute and that the exceptions were sustained. Thereupon defendant in error presented a petition in the nature of a bill in equity, in which he recites all the foregoing proceedings, including the action of the court on the report of the commissioners, reciting in the petition that the "court upon the hearing of the report and the exceptions thereto, found that petitioner's claim for the value of his improvements did not come within the statute entitled Ejectment, as shown by the testimony in the case." The petition prays for an order of court granting him leave to remove the buildings and improvements off the land. No one is made a party defendant to said petition, no answer is called for and no process is prayed for. The court entered a rule on the plaintiff to answer the petition instanter, which, it is recited, the plaintiff in open court waived, whereupon a default was entered against the plaintiff and a decree *pro confesso* was entered granting the prayer of the petition and giving the defendant the right to remove all improvements off the premises unless the plaintiff should elect to pay the defendant $5,755 in ten days, or secure the same to be paid in one year with five per cent. interest. The plaintiff in error excepted to the rendition of this decree and prayed an appeal to the Supreme Court, which was duly perfected, but the Supreme Court dismissed the appeal on the ground that a freehold was not involved (Van Tassell v. Wakefield, 214 Ill. 205), and then this writ of error was sued out to reverse the decree. The court below appears to have proceeded on the theory that the defendant in error did not bring himself within

Van Tassell v. Wakefield.

the provisions of the occupying claimants' statute and that no compensation for the improvements placed on the premises could be awarded under that statute, but that the court had power, by virtue of its general equitable jurisdiction, to entertain the petition of defendant in error and grant the relief.   Some recognition of the power of a court of equity to compel compensation for lasting and valuable improvements, independent of the occupying claimants' statute, is found in Bright v. Boyd, 1 Story Rep. 478, also Hart's Heirs v. Baylor, Hard. 606, and Jones v. Jones, 4 Gill 87, all of which are cited by our Supreme Court in Ross v. Irving, 14 Ill. 171, but the rule has not been applied very generally, which may be accounted for by the fact that most of our States have a statute similar to ours permitting compensation to be made by the law court pronouncing the judgment of eviction.   In the few cases we have been able to find where a court of equity has assumed jurisdiction to compel the successful plaintiff in ejectment to compensate the evicted tenant for the lasting and valuable improvements placed upon the premises by him, it is held that it is only in cases where the evicted tenant acted in good faith and in the honest belief that his title was valid, and where he had no notice of the paramount title of his successful adversary, that relief would be granted.

Insofar as the good faith and want of notice is concerned, the statute seems to be declaratory of the equitable doctrine of the cases decided before the statute was passed. In the case at bar, whether the petition be regarded as a proceeding under the statute or as an attempt to invoke the equitable jurisdiction of the court, which defendant in error seems to assume exists outside of the statute, it is equally erroneous, for defendant in error does not bring himself within the statute or the equitable rule.   Here the notice of the condition, the violation of which defeated his title, is in the deed to the grantor of defendant in error. The improvements for which compensation is claimed, were put on the premises before defendant in error obtained his title, but even if this were not true, notice to his grantor

would bind him. Hurd's R. S., sec. 54, chap. 45. We are, however, of the opinion that defendant in error has no equitable remedy since our occupying claimants' law gives an adequate remedy in all cases where equitable relief could be administered in the absence of the statute. In Montag v. Lynn, 25 Ill. 154, the Supreme Court denied relief in equity, resting the decision on the ground that the statute affords a complete remedy at law. This case is a direct decision of the main question involved here. Treating the petition as a bill in equity, it was error for the court to grant the prayer thereof, thereby indirectly giving the defendant the full benefit of the occupying claimants' law in a case where the court very properly held he was not entitled to it.

For the reasons above given the judgment is reversed.

*Reversed.*