## Duncan McDougall, Appellee, v. Thomas W. Burrows et al., Appellant.

### Gen. No. 5146.

INJUNCTIONS—*when lie to enforce negative covenants in deeds.* A valid covenant contained in a deed of real estate restricting the obstruction of a sewer will be enforced in equity by injunction against the grantee in such deed and those claiming under him.

Bill in chancery. Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

**Statement by the Court.** Duncan McDougall, appellee, filed his bill in chancery in the Circuit Court of La Salle county alleging that on January 19, 1901, he conveyed to Thomas W. Burrows certain real estate

within the city of Ottawa by a deed which contained the following clause:

"Paul street sewer between said block 87 and block 100 west of Fox river, empties into an open sewer which runs immediately along the foot of the bank or bluff along the crest of which said stone wall and fence are constructed, and this deed is made upon the express condition, which is part of the consideration hereof, that said sewer, where it runs adjacent to and across the property hereby conveyed, shall be and remain open and unobstructed by any material of any kind, thrown over said bank so as to slide down into and obstruct said sewer, it being expressly understood that said sewer shall not be obstructed by the owner or occupant of any of the premises hereby conveyed."

The bill further alleged that he was the owner of and in possession of lot 8 in block 87 in State's addition to the town of Ottawa on the date of said conveyance and that the same was adjacent to the real estate mentioned in said deed; that the sewer described in said deed as the Paul street sewer emptied into an open sewer which discharged into the Fox river; and that the said conveyance to Burrows was made upon the express condition that it was made a part of the consideration for said deed that said open sewer should be and remain open and unobstructed by any material of any kind thrown over said bank so as to slide down into and obstruct said sewer; and that said deed contained the covenant that said sewer should not be obstructed by the owner or occupant of any of the premises conveyed by such deed; that Burrows by virtue of the said deed became owner of and is in possession of the real estate described in said deed; that a conveyance was made by Burrows and his wife to the Ottawa Banking & Trust Company, but that their rights were subject to his rights. The bill further alleged that the said Thomas W. Burrows ever since the execution and delivery of said deed openly, persistently and flagrantly violated said condition or restrictive covenant and caused and permitted to be

thrown over said bank and stone wall all kinds of debris, ashes, stone, bricks, cinders, old metal cans, old crockery, old wall paper, old clothes, tree trimmings, grass cuttings and other material and that much of said material slid into and obstructed said sewer, and was a menace to the health and comfort of complainant and all people residing in the neighborhood of said open sewer. The bill prayed that Thomas W. Burrows and the Ottawa Banking & Trust Company be made parties defendant and that they be restrained from obstructing the sewer.

The defendants filed a demurrer which they afterward withdrew and filed an answer wherein they admitted the execution of the deed and that it contained the restrictive clause set out in the bill and alleged that they accepted said deed because said clause was merely an agreement not to obstruct with material thrown over the bank or wall, the Paul street sewer, a public sewer of the city of Ottawa, and averred that they assumed no burden other than that cast upon Burrows by the laws of the State of Illinois and the ordinances of the city of Ottawa, and admitted that Burrows owned said lot 8 as averred in the bill at the date of the conveyance but averred that about April 2, 1907, Burrows conveyed said lot and other property to the Ottawa Banking & Trust Company, and that the title then was in that company, and that said restrictive clause created no duty from defendant to complainant other than was due the general public; and alleged that to entitle complainant to the relief asked he should allege and prove other damage than that suffered by the general public and that as he did not make such allegation the remedy provided for the protection of the public was an ample remedy at law to which the complainant had access; and that complainant did not aver and it was not a fact that he was without an adequate remedy at law. Burrows denied that he had obstructed the said sewer in the manner stated in said bill of complaint, and stated that complainant

was not entitled to the relief asked because the relief asked for was no different than that could be asked for by the public in general; that the complainant was guilty of *laches* in not taking action for nearly seven years; that the open sewer was a nuisance *per se* and that no two citizens of a populous city, can by private contract, create a right to maintain a public nuisance, and referred to the ordinances of the city of Ottawa; and further denied that there was any equity in the bill or that there were any facts sufficient to confer jurisdiction upon a court of chancery or that upon the showing made plaintiff was entitled to any relief. The Ottawa Banking & Trust Company alleged that it held the property free from the clause in the deed.

A replication was filed and the cause was referred to the master to take and report proofs and findings of law and fact. The master heard the evidence and reported that the evidence supported the allegations of the bill, that the equities of the cause were with appellee, and recommended that a decree be entered in accordance with the prayer of the bill. Objections were filed to the master's report and it was ordered that they stand as exceptions. The court overruled the exceptions and entered an order confirming the master's report and perpetually enjoining Burrows and the owners and occupants of the premises described in said deed of appellee to Burrows from obstructing said open sewer and that appellants pay the costs. The defendants prosecute this appeal.

JARVIS R. BURROWS and BUTTERS & ARMSTRONG, for appellants.

SNOW & HAIGHT, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

The evidence shows that Burrows caused or permitted the sewer to be obstructed as charged in the bill

and that such obstructions caused foul odors to arise therefrom; that the sewer was in full view of Mc-Dougall's house, which was near, and that he was disturbed in the enjoyment of his home by reason of the obstructions.

Counsel for appellants argue at length that the clause in question in the deed is not a negative restrictive covenant, but that it is a condition subsequent, and as such, a bill in chancery will not lie to prevent the grantee from failing to comply with its terms, and say that this is their only contention on this appeal. This distinction is not important here as appellee is not seeking to declare a forfeiture or attempting to re-enter and take possession of the land on account of the violation of the terms of the deed. The main question presented by this record is whether or not the Burrows deed contained such an agreement that he and those holding under him were bound to refrain from obstructing the sewer. A full and exhaustive review of the authorities sustaining the right to an injunction in cases involving the same principle as that at bar is contained in Frye v. Partridge, 82 Ill. 267; and the court there said: "We are aware of no restriction upon the right of an owner to convey upon such terms and conditions as he may see proper, and as may be acceptable to the grantee, except that the right should be exercised with proper regard to public policy, and that the conveyance should not be made in restraint of trade. When a vendee purchases with full notice of a valid agreement between his vendor and the original owner, concerning the manner in which the property is to be occupied, it is but a reasonable and equitable requirement to hold him bound to abide by the contract under which the land was conveyed." We think the deed shown by the record to have been accepted by Burrows contains an agreement binding him and those holding under him to refrain from obstructing the sewer, and that it was not contrary to public policy or in restraint of trade, and was sufficient to

warrant a court of equity in restraining him and his vendees from so doing.

We have examined the cases cited by appellant and find nothing inconsistent with the right of appellee to maintain the bill.

The decree is therefore affirmed.

*Affirmed.*