Jane C. Vansant et al., Appellees, v. Alvida A. Rose, Appellant.

Gen. No. 18,468.

1. INJUNCTIONS—*what ordinarily prerequisite to issuance.* As a general rule a writ of injunction will issue only where there is an unquestionable right and irreparable injury will be suffered and there is no adequate remedy at law, but this rule is not applicable to cases where an injunction is sought to enforce the performance of express negative covenants by prohibiting their breach.

2. EASEMENTS—*what not essential to enforcement.* It is not necessary that the right preserved or the restriction imposed be an easement

appurtenant to other land, though that situation frequently occurs, and such casements are protected, but in Illinois the right to enforce the contract made by the covenants of the deed does not depend upon whether there is a dominant estate. Rights in gross will be protected in equity and an injunction will be granted without reference to any injury to the complainants.

Appeal from the Circuit Court of Cook County. the HON. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed April 19, 1912.

LEE & LEE, for appellant; ALBERT M. KALES, of counsel.

HOLLETT, SAUTER & HENKEL and WILSON, MOORE & McILVAINE, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This is an appeal from an interlocutory order granting an injunction to restrain appellant upon a bill supported by affidavits from a breach of covenants or restrictions in a deed through which she acquired title.

John C. Vansant, Marcellus E. McDowell and the Guaranty Trust and Savings Deposit Company as executors and trustees under the last will and testament of Marcellus E. McDowell. deceased, filed a bill in the Circuit Court of Cook county against Alvida A. Rose, appellant, to enjoin the defendant from erecting a flat building at the southwest corner of Kenmore and Glen Lake avenues in Edgewater, and from placing the flat building on the lot lines of the premises, in alleged violation of a covenant in the deed of conveyance from appellees, the complainants in the bill, to defendant's grantor. The court granted an injunction *pendente lite* on the giving of a bond by appellees in the sum of $5,000.

From the averments of the bill it appears that December 16, 1904, appellees were the owners of the two lots, now owned by appellant, at the southwest corner

of Kenmore and Glen Lake avenues. On that day appellees conveyed to appellant's husband, Frank A. Rose, the two lots by a deed containing the following restrictive covenants:

"It is hereby expressly covenanted and agreed that neither said party of the second part nor his heirs, executors, administrators, or assigns shall erect any fence, enclosure or obstruction to view on said lots within thirty (30) feet of the front or side street line of said lots for a period of ten years from the date hereof, and shall not build any wall of any building erected on said lots within said thirty feet of the front or side street line of said lots for a period of twenty years from the date hereof without the written consent of said parties of the first part * * * It is hereby expressly covenanted and agreed that neither said party of the second part nor his heirs, executors, administrators or assigns shall build or cause to be built on said lots any building known as a flat or. a tenement building, hereby covenanting to erect there-on only a single private dwelling house (excepting the stable as aforesaid), for a period of twenty years from this date."

This deed was duly recorded and subsequently the title of Frank A. Rose passed to his wife, the appellant, by conveyances. It is the breach of the above covenants in the deed from appellees to Frank A. Rose that appellees seek to enjoin.

The bill nowhere alleges that the complainants own any land in the vicinity of the land conveyed to Frank A. Rose with the restrictions above set forth, nor is there any averment in the bill that appellees now own any land in Edgewater or the city of Chicago or elsewhere which would be affected in the slightest degree by the enforcement or breach of the covenant in question. Appellees rely simply and solely upon the fact that they are the promisees in the covenants of the grantee Frank A. Rose in the above deed, and in legal effect say that they are entitled to enforce that contract

specifically in equity solely on the ground that they are parties to it, and that it makes no difference whatever that they own no real estate in the vicinity which will be affected in any way by the enforcement or the violation of the covenants.

Appellant contends that the bill is fatally defective because it does not show that complainants have any right to the beneficial interest in the land affected by the covenants, or in adjoining lands, which will confer upon complainants a property interest in the enforcement of the covenants, and cite in suport of her contention High on Injunctions, 4th Ed., Vol. 11, page 1137; Los Angeles University v. Swarth, 46 C. C. A. 647, 107 Fed. 798; Graves v. Deterling, 120 N. Y. 447; Rector v. Rector, 114 N. Y. Supp. 623; and Dana v. Wentworth, 111 Mass. 291.

In support of this contention and under the above authorities it is urged by appellant that the law is that a complainant has no standing to file a bill to enforce a restrictive covenant as to the use of land, unless he has a right or beneficial interest in the land affected by the covenant, or in adjoining land which will confer upon the complainant a property interest in the enforcement of the covenant.

On the other hand, it is contended by appellees that the covenants above set forth in the deed constitute a valid, legal contract, and that its obligatory force is co-extensive with its terms and stipulations; and the theories upon which they predicate the right to the injunction granted by the court are as follows:

First, the theory of a mere negative covenant sustained by adequate consideration, just and reasonable in itself, and without ambiguity, its nature being such that it can be enforced only by injunction;

Second, the theory of a reserved right or interest in the property conveyed, that is to say, the grantors owning the property in fee conveyed it subject to restrictions which are in the nature of encumbrances

*pro tanto,* the purchaser acquiring only a part of the property and the vendor remaining the owner of the rest. The interest thus reserved may be large or small, but, if it is a right in or over the premises in question it is property; the covenant is a property right which the grantor reserves. This theory admits the application of a rule, which seems to embarrass some courts, that such a covenant is in the nature of an easement and must inhere in reserved property to be enforced; and,

The third theory is that the purchaser, having acquired the property at a low price by reason of the restrictions, has received, if the restrictions are not binding, property of the vendor which he ought not to retain, except on the terms of the conveyance; so the denial of a remedy is taking a vendor's property without compensation.

In support of this bill appellees cite Hayes v. St. Paul M. E. Church, 196 Ill. 633. At page 635 of the opinion it is said:

"It is not denied that the purchase from John A. King, and the acceptance of the conveyance subject to the provision contained in it, created a valid personal obligation to him. An owner has a right to sell his property upon such terms and conditions as he may see proper, and if the terms are accepted by the grantee, and are not objectionable in law, they will be enforced at the suit of the one in whom the right is vested. (Frye v. Partridge, 82 Ill. 267.) If a subsequent owner has taken title with notice, either actual or constructive, of a binding agreement between his grantor and the original owner establishing a building restriction, he will be bound to abide by it and equity will enforce it. In this case there is no dispute that the defendant had notice of the building restriction from the recorded conveyance to the First Methodist Episcopal Church, and if it was imposed in favor of complainant's house and lot, and for the benefit of the same, complainant would have a right to enforce

it. The question is whether by the agreement between King and his grantee, this lot was burdened with the restriction for the benefit of the complainant's lot, so that she can enforce the agreement. The restriction was imposed by John A. King and the agreement was with him. Complainant was a stranger to that transaction and there is no covenant or agreement between her and the defendant or its grantor. Her right to enforce the agreement must depend upon her making it appear that it was entered into for the benefit of her lot. In making his conveyance John A. King had a legal right to impose the condition from any motive, and it is immaterial what the motive was, and he could impose it in favor of property which he did not own and which belonged to complainant, if he saw fit to do so. When he executed his deed he did not own any other property in the block or in that vicinity. He did not own the lot or house south of the premises which he conveyed, and had no interest in either. * * * The defendant took the premises bound by the agreement, and can be restrained from violating it at the suit of any one having the interest."

In that case the court was dealing solely with the right of one not a party to the contract to enforce it. The opinion appears to concede that if the father of the complainant, namely the grantor, had filed a bill, his standing in equity as a party to the contract which created the personal obligation to him, could not be questioned.

One of the most pertinent decisions of the Supreme Court of this state to the question under consideration, was rendered in Wakefield v. Van Tassel, 202 Ill. 41. It was an action in ejectment to recover property under a condition contained in the deed. The effect of the condition is stated at page 44 of the opinion as follows:

"The condition as expressed in the deed is plain and unambiguous and needs not the aid of a court to construe its meaning. Parties have a right to make

deeds and insert therein such conditions as they see fit, and contracts entered into freely and voluntarily must be held sacred. and be enforced by the courts. As the parties make their deeds and contracts so the courts must take them; and yet they must not be such contracts as are in contravention of the paramount principle of public good. So long as the beneficial enjoyment of an estate conveyed in fee simple is not materially impaired by restrictions and conditions contained in a deed, such restrictions and conditions as to the mode of its use, are held valid. The enforcement of these conditions by the courts arises from a principle of law that every owner of the fee has the legal right to dispose of his estate either absolutely or conditionally, or to regulate the manner in which the estate shall be used and occupied, as the grantor may deem best and proper. Just so long as the conditions and restrictions are not violative of the public good or subversive of the public interests they will be enforced.''

It is to be conceded that the general rule is that a writ of injunction will issue only where there is an unquestionable right and irreparable injury will be suffered and there is no adequate remedy at law, but this rule is not applicable to cases of this kind for courts of equity interpose by injunction and thereby indirectly enforce the performance of express negative covenants by prohibiting their breach, regardless of whether there is a remedy at law, or whether their violation will occasion any substantial injury. Andrews v. Kingsbury, 212 Ill. 97. And it has been held by the courts of this jurisdiction that a grantor may convey to his grantee upon such terms and with such restrictions as he sees fit. By accepting the deed containing the restrictions a valid contract is consummated which is enforceable against the grantee and his successors in title and equity will enjoin the breach. Frye v. Partridge, *supra;* McDougall v. Burrows, 154 Ill. App. 375; Wakefield v. Van Tassel, *supra.*

It is not necessary that the right preserved or the restriction imposed be an easement appurtenant to other land, though that situation frequently occurs, and such easements are protected, but in Illinois the right to enforce the contract made by the covenants of the deed does not depend upon whether there is a dominant estate. Rights in gross will be protected in equity. Frye v. Partridge, *supra;* Willoughby v. Lawrence, 116 Ill. 11; Wakefield v. Van Tassel, *supra;* Eckhart v. Irons, 128 Ill. 568.

In our opinion the negative covenants in the deed to Rose subjected the lots in question to a lien in the nature of an easement in gross or a personal servitude. When the property was transferred to his wife, appellant, she had notice of the servitude, knew that complainants had not conveyed the entire estate to her husband, and that complainants had restricted the use of the lots and reserved in themselves certain rights or interests therein. She therefore took the lots bound by the covenants, and in our opinion may be restrained from violating the covenants. When Rose accepted the deed from complainants he did not acquire absolute and unqualified dominion over the lots. On the contrary it was part of the title which he accepted that he should be limited and restricted in the use of the lots, in important particulars, and such restrictions partake of the nature of an encumbrance upon the lots.

In Consolidated Coal Co. v. Schmisseur, 135 Ill. 371, there was involved a covenant in a conveyance of coal underlying certain lands, and leasing certain portions of the land for access to the coal. The instrument contained specific restrictions as to the use of the property. The action was brought by the vendor, and it may be observed parenthetically that while the complainant had other lands the bill was not filed for their protection; it was filed to restrain the use of the land actually leased for mining and removing coal produced on other lands derived from other parties. There was

no question of an easement nor of injury to the remainder of the property involved. It was a case like the case at bar of an injunction sought by the vendor to compel a compliance with covenants made by the vendee. At page 378 the court said:

"It seems to be well settled that while there is an express negative covenant, courts of equity will entertain bills for injunction to prevent their breach, although the same will occasion no substantial injury, or though the damages, if any, be recoverable at law. This is upon the principle that the owner of land selling or leasing it, may insert in his deed of contract just such conditions and covenants as he pleases touching the mode of enjoyment and use of the land. As said in Stewart v. Winters, 4 Sandf. Ch. 587: 'He is not to be defeated, when the covenant is broken, by the opinion of any number of persons that the breach occasions him no substantial injury. He has a right to define the injury himself, and the party contracting with him must abide by the definition.' * * * In this latter class of cases the court proceeds upon the ground that the grantor or lessor having expressly stipulated that the grantee or lessee shall not do the particular thing complained of, the latter is° bound to refrain, and the former is not required to submit to the opinions of others as to whether he will or will not suffer substantial injury."

To the same effect are, Star Brewing Co. v. Primas, 163 Ill. 652; Hutchinson v. Ulrich, 145 Ill. 336; Anheuser-Busch Brewing Association v. Dwyer, 150 Ill. App. 315; Southern Fire Brick Co. v. Sand Co., 223 Ill. 616; High on Injunctions, 2d Ed. Sec. 1153; Pomeroy's Equity Jurisprudence, 3d Ed. Secs. 1541, 1542.

In Kerr on Injunctions, 4th Ed. 370, the learned author says:

"In restraining by injunction the breach of a negative covenant the interference of the court is in effect an order for specific performance. * * * 'If there is a negative covenant,' said Lord Cairns in Dohert v.

Allen, 'the court has no discretion to exercise. If parties for valuable consideration, with their eyes open, contract that a particular thing shall not be done, all that a court of equity is to do is to say by way of injunction that the thing shall not be done. In such case, the injunction does nothing more than give the sanction of the process of the court to that which already is the contract between the parties. It is not then a question of the balance of convenience or inconvenience, or of the amount of damages or injury, it is the specific performance by the court of that negative bargain which the parties have made, with their eyes open, between themselves.' "

On page 357 the same author says:

"In all cases where a specific performance can be decreed, the jurisdiction by injunction will attach as a matter of course, but it is not confined to such cases, but will be exercised in all cases when it can operate to bind men's consciences as far as they can be bound to a true and literal performance of their agreements."

To the above cases may be added, Lewis v. Collner, N. Y. Court of Appeals, 29 N. E. 81; Tuck v. Moxhay, 1 Hall and Tw. 105; Haines v. Einwachter, 55 Atl. Rep. (N. J. 38); Bayard v. Bancroft, 62 Atl. Rep. 6; McClure v. Otrich, 118 Ill. 320; Fowler v. Fowler, 204 Ill. 82.

In view of the foregoing authorities of this state we do not deem it necessary to review the cases in other jurisdictions cited on behalf of appellant, nor do we deem it necessary to discuss the applicability of the cases in detail to the question here involved. We must be governed by the authorities of this state, and we think they uphold clearly that the contract contained in the deed by which appellees conveyed the property was a valid binding contract, not only upon the grantee in the deed, but upon his heirs and assigns, and that the remedy for a violation of the restrictive covenants is by injunction even though a recovery at law might

be sustained. But where, as in this case, there can be no adequate recovery at law, the remedy is clearly by injunction. In our opinion, the authorities further sustain the proposition that an injunction will be granted without reference to any injury to the complainants, and that it will be granted although there is no easement in favor of adjacent property to protect and no injury proved, and whether complainants own property in the immediate neighborhood or not which would be injuriously affected by a violation of the restrictive conditions contained in the deed.

We are of the opinion, therefore, that the order granting the injunction upon the bill and affidavits was proper, and it is affirmed.

*Affirmed.*