Jane C. Vansant et al., Appellees, v. Alvida A. Rose and Frank A. Rose, Appellants.

## Gen. No. 18,931.

1. INJUNCTION—*when decree is proper.* Where the breach of restrictive building covenants has been enjoined and the case decided on a former appeal adversely to the defendants, if additional points raised by the defendants do not appear to be well taken the decree should be affirmed.

2. INJUNCTION—*when decree enjoining breach of covenant should be limited.* A decree enjoining the breach of restrictive building covenants may properly cover the term fixed in the covenants.

Injunction. Appeal from the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 12, 1912.

LEE & LEE, for appellants; ALBERT M. KALES, of counsel.

HOLLETT, SAUTER & HENKEL and WILSON, MOORE & McILVAINE, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This cause was before this court at the last term on an appeal from an interlocutory order granting an injunction, which order was affirmed on April 19, 1912.

In the meantime, on March 11, 1912, the defendants, appellants, filed their joint and several answer to the bill of complaint. To that answer the complainants filed nine exceptions. On May 18, 1912, by leave of court, the defendants filed certain amendments to their answer, and on the same day three exceptions were taken by the complainants to the amendments to the answer of the defendants. The cause proceeded to a hearing and a final decree on May 28, 1912, in which decree the exceptions filed by the complainants to certain portions of the answer as amended were sus-

tained, and making findings in accordance with the averments of the bill, and adjudging and decreeing that the defendants be enjoined and restrained from committing any breach of the reservations, restrictions, conditions and covenants set forth in the bill of complaint, and from erecting or causing or permitting to be erected within thirty feet of the front or east line of said lots and within thirty feet of the side street line of said lot 1, namely, the north or Glenlake avenue line of said lot, any wall of any building on said lots during a period of twenty years from and after the 6th day of September, 1901, and from erecting or causing or permitting to be erected upon the said lots any flat or tenement building during the same period, or any building other than a single private dwelling house, except a stable which shall be built on the alley line of said lots.

From that decree this appeal is prosecuted. Errors are assigned upon the sustaining by the Circuit Court of the exceptions made to the answer and amendments thereto, and in entering the decree for injunction.

In the opinion filed by this court on the appeal from the interlocutory order granting the injunction, in Vansant v. Rose, 170 Ill. App. 572, the averments of the bill are set out and the fundamental questions of law involved upon the averments of the bill are discussed, and that opinion is made a part hereof by reference.

The briefs of appellant filed on the present hearing contain, in addition to the points made on the injunction appeal, three points: First, that the injunction should have been denied because the facts set up in the answer and amendments show that it is entirely inequitable and unconscionable by reason of the changed condition of the neighborhood and other facts and circumstances that it should be granted; second, that there was no breach of the restrictive covenant in question by the erection of the high-class apartment

building described in the answer; third, that the decree is erroneous in enjoining the defendants from acting in breach of the restriction during the entire period of twenty years from 1901. The decree at the most should be limited to an injunction to restrain building at the present time.

The findings of the decree appear to be based on the pleadings.

Upon a due consideration of the additional points made in the brief and argument of the appellants, we are of the opinion that the points against the decree are not well taken, and the decree is accordingly affirmed.

*Affirmed.*