HANDY ANDY HOME IMPROVEMENT CENTERS, INC., Plaintiff-Appellant, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants-Appellees.—FRANK SAJTAR *et al.*, Plaintiffs-Appellees, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants-Appellants.

Second District   Nos. 2—88—0257, 2—88—0258 cons.

Opinion filed December 22, 1988.

Craig E. Anderson, of Jacobson, Brandvik & Anderson, of Chicago (Charles J. Corrigan, of counsel), for appellant Handy Andy Home Improvement Centers, Inc.

Arnold H. Landis, of Chicago, for American National Bank & Trust Company of Chicago and First National Realty & Development Company, Inc.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Handy Andy Home Improvement Centers, Inc. (Handy Andy), in cause No. 88—CH—47 filed a one-count complaint in the circuit court of McHenry County seeking a preliminary injunction against defendants, American National Bank and Trust Company of Chicago, as trustee (ANB), legal title owner of a shopping center where Handy Andy was a tenant, and First National Realty and Development Company, Inc. (First National), developer and leasing representative for the shopping center, to prevent them from interfering with its exclusive right to sell home improvement items in the shopping center pursuant to a written lease agreement between the parties executed on September 10, 1986. On March 17, 1988, the circuit court denied Handy Andy's request for a preliminary injunction.

In a separate action, cause No. 88—CH—28, plaintiffs, Frank Sajtar and Cabinet Wholesalers, Inc., filed a six-count complaint in the circuit court of McHenry County seeking, *inter alia*, a preliminary injunction against the same defendants as in cause No. 88—CH—47, ANB and First National, to prevent them from interfering with development, opening, and operation of a franchise in the same shopping center as Handy Andy pursuant to a written lease agreement between the parties executed on December 13, 1987. The circuit court, on March 8, 1988, granted the preliminary injunction against ANB and First National. Handy Andy, in cause No. 88—CH—47, and ANB and First National, in cause No. 88—CH—28, bring these interlocutory appeals pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307(a)(1)). This court, upon motion of ANB and First National, consolidated both cases for purposes of appeal.

The two issues raised in these appeals are whether the trial court abused its discretion in granting Sajtar and Cabinet Wholesalers' motion for preliminary injunction and whether the trial court abused its discretion in denying Handy Andy's request for a preliminary injunction.

The following undisputed facts appear in the record. On September 10, 1986, Handy Andy and ANB entered into a written lease agreement for the 30-year lease of space located at the Commons Shopping Center (Commons) in Crystal Lake, Illinois. The lease provides, in pertinent part:

"9. *Tenant's Exclusive Right.*

So long as Tenant (or its sublessees or assigns as permitted herein) is operating a home improvement center at the Shopping Center, *Tenant shall have the exclusive right, and Landlord shall not allow any other party* (except for Venture or its successors and assigns), during the Lease Term, *to operate a home improvement center at the Shopping Center* (except as provided below with regard to the Jewel space as identified on Exhibit B (the 'Jewel Space')) \*\*\*, *Landlord further covenants that no other tenant in or occupant of the Shopping Center shall be permitted to have 10 percent (10%) or more of its shelf or other display space devoted to* any one of the following (the 'Designated Uses'): (i) lumber and building materials, (ii) *home (including, without limitation, kitchen and bath) decorating or improvement materials,* (iii) energy saving, plumbing and electrical supplies, (iv) hardware, (v) paint and decorating supplies, (vi) wall, floor and ceiling coverings, and (vii) seasonal products such as lawn and garden and Christmas 'trim-a-tree' products (as those terms are commonly used in the retail trade)." (Emphasis added.)

Handy Andy sells a variety of home improvement products, including kitchen cabinets. After entering into the lease with ANB, it expended approximately $600,000 to $700,000 in preparation for opening its store in the Commons. The Handy Andy store eventually opened on March 17, 1988.

On January 28, 1988, Handy Andy became aware that Cabinet Wholesalers was planning to open a franchise store in the Commons. Handy Andy, on January 29, 1988, through its general counsel, contacted First National, the developer of the Commons, both by telephone and letter regarding the opening of the Cabinet Wholesalers' store.

Sajtar, as franchisee, and Cabinet Wholesalers had entered into a

franchise agreement whereby Sajtar would open a franchise store selling kitchen cabinets and bathroom fixtures. On December 13, 1987, Sajtar entered into a written lease agreement with ANB for a five-year lease of retail space at the Commons.

In January 1988, Sajtar began preparations to open the Cabinet Wholesalers franchise at the Commons, which was to be opened on or about February 15, 1988. On February 5, 1988, all preparations were completed, except painting and installation of displays. On or about February 5, 1988, First National changed the locks on the store, and Sajtar was no longer able to gain access. On February 12, Sajtar received a letter from First National indicating that there would be a delay in his taking possession of the store. On February 15, 1988, ANB, through its agent, First National, sent Sajtar written notice of termination of the lease based on his failure to provide plans and specifications pursuant to the lease.

On February 16, 1988, Sajtar and Cabinet Wholesalers filed a six-count complaint against ANB and First National. The complaint sought the following: (1) temporary, preliminary and permanent injunctive relief; (2) specific performance under the lease; (3) damages for breach of contract; (4) damages for breach of the covenant of quiet enjoyment; (5) damages suffered by Cabinet Wholesalers as a third-party beneficiary under the lease; and (6) compensatory and punitive damages for tortious interference with prospective business advantage. Also, on February 16, 1988, Sajtar and Cabinet Wholesalers filed a motion for a temporary restraining order and a preliminary injunction seeking to prohibit ANB and First National from interfering with their development, opening, and operation of the Commons store. No issue was raised as to Cabinet Wholesalers' standing in the suit.

On March 8, 1988, the trial court held an evidentiary hearing on the motion for a temporary restraining order and preliminary injunction. After hearing testimony from Sajtar, Patrick E. Corry of Cabinet Wholesalers, Kenneth Smith, building commissioner for the City of Crystal Lake, and Robert Mullen of First National, and after considering other evidence including the Handy Andy lease and the Sajtar lease, the trial court issued the preliminary injunction prohibiting ANB and First National from interfering with Sajtar and Cabinet Wholesalers' access and use of the store. The court further ordered Sajtar and Cabinet Wholesalers to post a $5,000 bond and stayed the order for three days.

On March 10, 1988, ANB and First National filed an emergency motion for reconsideration of the March 8, 1988, order and for an

extension of the stay of the preliminary injunction order. The trial court stayed the injunction order through March 17, 1988, and continued the hearing on the motion for reconsideration to that same date.

On March 11, 1988, the same date that the trial court entered the stay and continuance order in the Sajtar action, Handy Andy filed its one-count complaint seeking to enjoin ANB and First National from interfering with its exclusive right to sell home improvement items at the Commons pursuant to its lease agreement with ANB. Following an evidentiary hearing on March 17, 1988, the trial court denied Handy Andy's request for a preliminary injunction, even though ANB and First National supported a preliminary injunction against them. Also, on March 17, 1988, the trial court, in the Sajtar and Cabinet Wholesalers action, denied ANB and First National's motion for reconsideration and extended the stay until March 31, 1988. Sajtar retook possession of the store on April 1, 1988, and the store opened for business on or about April 13, 1988.

We address first ANB's and First National's appeal of the preliminary injunction against them. ANB and First National contend that the trial court erred in granting Sajtar's and Cabinet Wholesalers' request for a preliminary injunction for several reasons. First, they argue that it was improper to change the status quo by permitting Sajtar and Cabinet Wholesalers to take possession of the store. Second, they maintain that Sajtar and Cabinet Wholesalers have an adequate remedy at law based on the damages they can recover for breach of their lease. Third, they contend that the trial court abused its discretion in issuing the preliminary injunction because the harm to themselves and third parties far outweighs any harm to Sajtar and Cabinet Wholesalers. Fourth, they raise "several other reasons" why the preliminary injunction should not have been issued: that, as a matter of law, a preliminary injunction cannot change the status quo; that the trial court failed to allow the parties adequate time to prepare for the evidentiary hearing; that the trial court erred in entering the preliminary injunction order without having a necessary party, Handy Andy, before it; and that Sajtar and Cabinet Wholesalers failed to establish a right entitled to protection because the lease had been terminated due to their failure to provide plans and specifications pursuant to a rider in the lease. Finally, they maintain that the trial court and this court erred in denying their motion to stay the preliminary injunction pending appeal.

Sajtar and Cabinet Wholesalers respond initially that they have met all of the requirements for a preliminary injunction. Second,

they argue that it is improper to consider any harm to third parties such as Handy Andy and that any harm to ANB and First National should not be considered because they are at fault for entering into the Sajtar lease. Third, they contend that it was not error to not allow discovery prior to an evidentiary hearing on a motion for preliminary injunction, and, even if it is, that ANB and First National waived the issue by failing to object in the trial court.

We begin our analysis by noting that ANB and First National raise arguments regarding the propriety of the trial court's issuance of a preliminary injunction in favor of Sajtar and Cabinet Wholesalers, but fail to cite the most recent Illinois Supreme Court decisions setting forth the elements which must be considered in deciding whether a preliminary injunction should issue. As the court said in *Kanter & Eisenberg v. Madison Associates* (1987), 116 Ill. 2d 506, 508 N.E.2d 1053, "[t]he standard for issuance of a preliminary injunction has been the subject of a 'dizzying diversity of formulations.'" (116 Ill. 2d at 510, 508 N.E.2d at 1054.) The supreme court then set forth the three elements common in the prior case law which should be considered in deciding whether to issue a preliminary injunction. It is this recent statement of the law that we apply in evaluating the propriety of the trial court's denial of Handy Andy's request for a preliminary injunction and its granting of a preliminary injunction in favor of Sajtar and Cabinet Wholesalers.

■ As discussed above, our supreme court has set forth the elements which a trial court must consider in deciding whether to issue a preliminary injunction. (*Kanter & Eisenberg v. Madison Associates* (1987), 116 Ill. 2d 506, 508 N.E.2d 1053.) The trial court must consider: (1) the possibility of irreparable harm to the plaintiff's legal rights pending the outcome of the trial if the preliminary injunction does not issue; (2) the potential irreparable harm to the defendant's rights if it does issue; and (3) the likelihood of the plaintiff succeeding on the merits. (*Kanter & Eisenberg*, 116 Ill. 2d at 510, 508 N.E.2d at 1055.) As to the first consideration, if there is an adequate legal or equitable remedy which will make the plaintiff whole after trial, then a preliminary injunction should not issue. (*Kanter & Eisenberg*, 116 Ill. 2d at 510-11, 508 N.E.2d at 1055.) Furthermore, a plaintiff must show the existence of a protectable right or interest which will suffer irreparable harm if the injunction is not issued. (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 386-87, 483 N.E.2d 1271.) Finally, the decision to grant or deny a preliminary injunction is within the sound discretion of the trial court and should not be reversed absent an abuse of that discretion. *Chi-*

*cago Health Clubs, Inc. v. Picur* (1988), 124 Ill. 2d 1, 7-8, 528 N.E.2d 978.

■ In this case, Sajtar has shown the existence of a protectable interest. The existence of a lease giving him right to possess the store fulfills that requirement. ANB and First National admit on appeal, as they did below, that they made a mistake in leasing to Sajtar when an exclusive right to operate a home improvement center was granted in the prior lease to Handy Andy.

Sajtar and Cabinet Wholesalers have failed to demonstrate, however, that they will suffer irreparable harm if a preliminary injunction does not issue. There are adequate legal and equitable remedies available which would make them whole after a trial on the merits. A court could readily ascertain the damages suffered by them pending a trial on the merits if it is ultimately determined that they were wrongfully prohibited from taking possession of the store. This is true whether or not they are ultimately granted specific performance under the lease. If they prevail at trial and are allowed to take possession and operate the store at the Commons, evidence of lost profits may be introduced to establish damages. If they prevail at trial, but are not awarded specific performance under the lease, they still will be able to establish damages through evidence of expenditures in preparing the Commons store for operation as well as any lost profits suffered as a result of being denied possession pending trial, and any other provable damages.

■ As to the second consideration, ANB and First National would suffer irreparable harm by the issuance of the preliminary injunction. If Sajtar and Cabinet Wholesalers are allowed to possess and operate the store, ANB will have breached the exclusive right provision of the prior Handy Andy lease. Handy Andy would then be in a position to either terminate its lease or sue ANB for damages. If Handy Andy were to terminate its lease, the annual rental loss would be approximately $293,000. Additionally, Handy Andy would cease to pay its share of real estate taxes, maintenance and insurance. Furthermore, if Handy Andy were to vacate the premises, it could take up to a year to secure a comparable replacement tenant. Moreover, Handy Andy is an anchor tenant comprising 22% of the income to the Commons and 36% of the total leasable space. The Cabinet Wholesaler store occupies only 3,860 square feet compared to 80,000 square feet occupied by Handy Andy. If Handy Andy remained as a tenant, it could bring suit for damages arising out of the breach of the exclusivity clause. In either case, ANB and First National would potentially suffer unrecoverable losses.

Although arguably there is a likelihood of success on the merits of their claim, Sajtar and Cabinet Wholesalers failed to establish that they would suffer irreparable harm if the preliminary injunction was not issued. Furthermore, ANB and First National will potentially suffer irreparable harm if the preliminary injunction does issue. Therefore, the trial court abused its discretion in issuing the preliminary injunction in favor of Sajtar and Cabinet Wholesalers. In view of our decision on this basis, it is unnecessary to consider other reasons advanced by ANB and First National for reversal of the preliminary injunction against them.

■ We address next the trial court's denial of Handy Andy's request for a preliminary injunction. It should be noted that ANB and First National conceded in the trial court, and in their brief before this court, that they were wrong in entering into the written lease agreement with Sajtar in light of the exclusivity clause in the prior Handy Andy's lease. ANB and First National concede here, as they did in the trial court, that a preliminary injunction in favor of Handy Andy should issue. The trial court, however, after considering the evidence, denied Handy Andy's request.

Handy Andy will suffer irreparable harm if a preliminary injunction is not issued. It is extremely difficult if not impossible to measure the lost revenues that Handy Andy will suffer as a result of the opening of the Cabinet Wholesalers store. Mr. Steven Kadish, vice-president and general counsel for Handy Andy, testified at the hearing for the preliminary injunction that not only would it be difficult to ascertain a loss in sales attributable to a competitor's operation, but also that it would be very difficult to determine the negative effect the lost sales of kitchen and bathroom products would have on other items sold in the store. According to Kadish, sales of items in one area of the store are designed to promote sales of products in another area of the store. The impact of this "ripple effect" which would accompany the decrease in sales of kitchen and bathroom products would be difficult to ascertain. Consequently, Handy Andy will suffer immeasurable economic loss resulting from competition by Sajtar and Cabinet Wholesalers and thus will suffer irreparable harm if the preliminary injunction is not issued.

Secondly, ANB and First National will not suffer any irreparable harm as a result of a preliminary injunction in favor of Handy Andy. They may ultimately have to pay damages to Sajtar for the breach of the lease, but entry of a preliminary injunction will not cause them further damage or harm.

Finally, Handy Andy is likely to succeed on the merits of a claim

against ANB and First National. The lease with Sajtar violates the exclusivity provisions of the Handy Andy lease. Moreover, none of the parties, either here or below, have disputed that the Sajtar lease violates the prior lease with Handy Andy. The trial court, therefore, abused its discretion in denying the preliminary injunction in favor of Handy Andy.

Handy Andy has also argued that it need not prove that it will suffer irreparable harm or that it has no adequate legal remedy where, as here, it seeks to enforce by way of injunction a negative covenant contained in its lease. In so arguing, Handy Andy relies on several cases which recognize that a plaintiff need not demonstrate any injury or lack of legal remedy in order to obtain injunctive relief for breach of a negative covenant pertaining to real estate. (See, *e.g.*, *Carlson v. Koerner* (1907), 226 Ill. 15, 80 N.E. 562; *Southern Fire Brick & Clay Co. v. Garden City Sand Co.* (1906), 223 Ill. 616, 79 N.E. 313; *Vansant v. Rose* (1912), 170 Ill. App. 572, *aff'd* (1913), 260 Ill. 401.) None of the cases cited by Handy Andy, nor found by our research, however, have applied this principle to preliminary injunctions, nor do we have reason to examine whether to extend the rule in this case in light of our decision on other grounds.

We, therefore, reverse the trial court's issuance of a preliminary injunction in favor of Sajtar and Cabinet Wholesalers in cause No. 88—CH—28 and reverse the trial court's denial of Handy Andy's request for a preliminary injunction in cause No. 88—CH—47, and remand with directions to enter a preliminary injunction against ANB and First National in cause No. 88—CH—47.

Reversed and remanded with directions.

LINDBERG, P.J., and UNVERZAGT, J., concur.